IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRYSTAL B. NWANERI,<br><br>            Plaintiff,<br>    v.<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>            Defendant. | Case No. 1:19-cv-01540-TNM |

**NOTICE OF INABILITY TO CONTACT OR SERVE**
**PRO SE PLAINTIFF IN PAPER FORM**

PLEASE TAKE NOTICE that Defendant Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") could not contact or serve Plaintiff Crystal B. Nwaneri ("Ms. Nwaneri") with various filings in paper form because Ms. Nwaneri did not provide a valid mailing address in the Complaint (the "Provided Address").

1.      In accordance with Rule 4(B)(ii) of the Court's Standing Order (Dkt. 4), Quinn Emanuel has unsuccessfully attempted to serve Ms. Nwaneri in paper form.  On September 6, 2019, Quinn Emanuel sent by certified mail the Notice of Appearance by Richard Smith and Quinn Emanuel's Corporate Disclosures (the "September 5 Filings") to the Provided Address.  Ex. A (Sept. 5 USPS Tracking).  Additionally, on September 9, 2019, Quinn Emanuel sent by certified mail the Motion to Dismiss and Sara Clark's Motion for Leave to Appear Pro Hac Vice (the "September 6 Filings") to the Provided Address.  Ex. B (Sept. 6 USPS Tracking).  On September 11, 2019, USPS unsuccessfully attempted to deliver the September 5 Filings.  Ex. A.  On September 12, 2019, USPS attempted—but failed—to deliver both the September 5 and September 6 Filings as no authorized recipient was available; as such, USPS left a Notice at the Provided Address related to each.  *See* Ex. A; Ex.

1

B. The next day, USPS reviewed their database and confirmed that Ms. Nwaneri was not associated with and did not live at the Provided Address. *See* Ex. A (as denoted by "Addressee Unknown"). Thus , both the September 5 and September 6 Filings were then "Return[ed] to Sender" as "Attempted—Not Known" and "Unable to Forward." Ex. C (Sept. 5 Scanned Certified Mail); Ex. D (Sept. 6 Scanned Certified Mail).

2.     Ms. Nwaneri is an active member of the D.C. bar, has clerked for the United States District Court for the District of South Carolina and the United States Court of Appeals for the Seventh Circuit, and practiced law for at least almost ten years. Dkt. 1. Thus, Ms. Nwaneri should be well acquainted with her obligations as a party to this litigation and should not be awarded the latitude afforded to a typical unsophisticated *pro se* plaintiff. *See generally Mann v. Castiel*, 681 F.3d 368, 376–77 (D.C. Cir. 2012) (upholding that the "additional latitude [] typically afford[ed to] *pro se* litigants to correct defects in service of process was unwarranted [because] the two *pro se* plaintiffs had been notified of the requirements . . . and appeared not to be the typical, unsophisticated *pro se* litigants, but businessmen with extensive litigation experience, one of whom had formal legal training.").

3.     Even if treated as a typical *pro se* plaintiff, Ms. Nwaneri still has an obligation to notify the Court of any change of address. See LCvR 5.1(c)(1) ("[n]otice of a change in address [of] . . . a party not represented by an attorney must be filed within *14 days of the change*.") (emphasis added); *see also Crawford v. Doe*, 87-cv-1211, 1987 WL 20245, at *1 (D.D.C. Nov. 6, 1987) (where a Local Rule "requires a party not represented by counsel, such as plaintiff, to file with the Court a notification of change of address . . . [t]he fact that plaintiff is acting *pro se* does not discharge his duties to abide by the rules of the court in which he litigates.") (internal citation and formatting omitted). She has failed to meet this obligation.

4. Moreover, Quinn Emanuel has wholesale been unable to contact Ms. Nwaneri. For example, on September 25, 2019, Quinn Emanuel called the phone number Ms. Nwaneri provided in the Complaint to request an updated address to serve. Ms. Nwaneri did not answer. Despite Quinn Emanuel leaving a voicemail requesting that she return the call, Ms. Nwaneri has failed to do so.

5. Ms. Nwaneri has been likewise unresponsive to email. On August 23, 2019, Quinn Emanuel emailed Ms. Nwaneri at cbnwaneri@gmail.com, the email address provided in the Complaint and registered with ECF to receive electronic mail, about her availability for a Rule 26 mandatory conference. Ex. E (Aug. 23 email from S. Clark to C. Nwaneri). To date, Ms. Nwaneri has not responded. Ms. Nwaneri has also failed to respond to the courtesy electronic copies Quinn Emanuel has emailed her of each filing.[1]

Dated:  October 1, 2019                    Respectfully submitted,

/s/ Richard C. Smith
Richard C. Smith (DC Bar No. 498177)
richardsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

*Attorney for Defendant Quinn Emanuel Urquhart & Sullivan, LLP*

---

[1] *See* Ex. F (Sept. 5 email from D. Green to C. Nwaneri, attaching the Notice of Appearance by Richard Smith and Quinn Emanuel's Corporate Disclosures); Ex. G (Sept. 6 email from D. Green to C. Nwaneri, attaching the Motion to Dismiss and Sara Clark's Motion for Leave to Appear Pro Hac Vice).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2019, I filed the foregoing document electronically with the Clerk of the Court using the ECF system, and caused to be served by email and first class mail a copy of the foregoing document on:

Crystal B. Nwaneri<br>
8297 Delhi Rd<br>
North Charleston, SC 29406<br>
cbnwaneri@gmail.com

*/s/ Richard C. Smith*
Richard C. Smith