# Exhibit G

| | |
|---|---|
| From: | D'Andrea Green |
| Sent: | Friday, September 6, 2019 10:07 PM |
| To: | cbnwaneri@gmail.com |
| Cc: | JP Kernisan; Sara Clark; Richard Smith; Valerie Ramos |
| Subject: | [1:19-cv-01540-TNM] Nwaneri V. Quinn Emanuel Urquhart & Sullivan LLP - U.S. District Court of DC |
| Attachments: | 2019-09-06 [9] Motion for Admission of Attorney PHV- Clark.pdf; 2019-09-06 [9-1] Declaration- Clark.pdf; 2019-09-06 [9-2] Proposed Order.pdf; 2019-09-06 [10] QE Motion to Dismiss.pdf; 2019-09-06 [10-1] Exhibit 1 - EEOC Dismisal & Notice of Rights.pdf; 2019-09-06 [10-2] Proposed Order.pdf |

<u>VIA EMAIL</u>

Dear Mrs. Nwaneri:

Please see attached Quinn Emanuel's "Motion for Admission of Attorney Pro Hac Vice" with supporting documents, and "Motion to Dismiss" with exhibits. Docket numbers [9] through [10] were e-filed today, September 6, 2019, in the above referenced matter.

Thank you kindly,

D'Andrea Green
Paralegal,
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8154 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
dandreagreen@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CRYSTAL B. NWANERI,

      Plaintiff,

    v.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

      Defendant.

Civil Action No. 1:19-cv-01540-TNM

## MOTION FOR ADMISSION OF ATTORNEY PRO HAC VICE

Comes now Richard C. Smith, a member in good standing of the bar of the United States District Court for the District of Columbia, and moves this Honorable Court for an Order admitting Sara C. Clark to appear as counsel for Defendant Quinn Emanuel Urquhart & Sullivan, LLP, pro hac vice, in the above captioned matter.

1. Sara C. Clark is admitted and an active member in good standing of the of The State Bar of Texas and am admitted to practice in the United States District Court for the Southern District of Texas, the United States Bankruptcy Court for the Eastern District of Michigan, and the United States Court of Appeals for the Fifth Circuit. Ms. Clark is of good moral character, and is otherwise qualified for admission *pro hac vice* in this matter under the requirements of this Court. Ms. Clark is an associate of the law firm Quinn Emanuel Urquhart & Sullivan, LLP, and practices from an office located in Texas.

2. Attached to this Motion is a declaration by Ms. Clark and a certificate of Good Standing from the Supreme Court of Texas.

3. This motion is supported and signed by Richard C. Smith, an active and sponsoring member of the Bar of this Court.

WHEREFORE, counsel respectfully moves that the Court enter an order admitting Sara Catherine Clark, *pro hac vice*, in the above-captioned matter for all purposes on behalf of Defendant.

Dated:  September 6, 2019                             Respectfully Submitted,

/s/  Richard C. Smith
Richard C. Smith (DC Bar No. 498177)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Tel:  (202) 538-8000
Fax:  (202) 538-8100
richardsmith@quinnemanuel.com

*Attorney for Defendant Quinn Emanuel*
*Urquhart & Sullivan, LLP*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of September 2019, I filed the foregoing motion for admission of attorney *pro hac vice* on all counsel of record (document) via ECF, and caused a copy to be served by email and first class mail on:

Crystal B. Nwaneri
8297 Delhi Rd
North Charleston, SC 29406
Email: cbnwaneri@gmail.com

*/s/  Richard C. Smith*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CRYSTAL B. NWANERI**,

       Plaintiff,

  v.

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

      Defendant.

Civil Action No. 1:19-cv-01540-TNM

## DECLARATION OF SARA C. CLARK IN SUPPORT OF MOTION
## FOR ADMISSION PRO HAC VICE

In support of the Motion for her appearance, *pro hac vice*, in the above case, Sara C. Clark represents to this Honorable Court the following:

1.     My full name is Sara Catherine Clark.

2.     I am an associate in the law firm Quinn Emanuel Urquhart & Sullivan, LLP, Pennzoil Place, 711 Louisiana St., Suite 500, Houston, Texas 77002. My telephone number is 713-221-7010.

3.     I am admitted to practice before the highest court of the State of Texas (Bar No. 24101627) to which I was admitted in 2016. I am also admitted to practice in the United States District Court for the Southern District of Texas, the United States Bankruptcy Court for the Eastern District of Michigan, and the United States Court of Appeals for the Fifth Circuit.

4.     No disciplinary proceedings are pending or proposed against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

5.     I have not been admitted *pro hac vice* in this Court within the past two years. I do not practice law from an office located in the District of Columbia, am not a member of the District of Columbia Bar, and do not have an application for the District of Columbia Bar pending.

6.      For all of these reasons, I respectfully request that this Court issue an Order admitting me to appear *pro hac vice*.  I will abide by the Rules of this Court, and I acknowledge that if I admitted *pro hac vice*, I will be within the disciplinary jurisdiction of this Court.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  September 6, 2019


*/s/  Sara C. Clark*

Sara C. Clark (TX Bar No. 24101627)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Pennzoil Place
711 Louisiana St., Suite 500,
Houston, Texas 77002
Tel:  (713) 221-7000
Fax:  (713) 221-7100
saraclark@quinnemanuel.com

*Attorney for Defendant Quinn Emanuel*
*Urquhart & Sullivan, LLP*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CRYSTAL B. NWANERI,

        Plaintiff,

  v.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

        Defendant.

Civil Action No. 1:19-cv-1540

## DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Richard Smith
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
richardsmith@quinnemanuel.com

Sara C. Clark (*pro hac vice application pending*)
711 Louisiana St., Suite 500
Houston, Texas 77002
(713) 221-7000
saraclark@quinnemanuel.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................... 1

PROCEDURAL HISTORY .......................................................................................... 2

STATEMENT OF FACTS ........................................................................................... 2

Argument ................................................................................................................. 4

I.      THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
        SERVE ................................................................................................... 4

II.     CLAIMS BROUGHT UNDER TITLE VII, DCHRA, THE EPA, FMLA,
        DCFMLA, CIVIL CONSPIRACY, D.C. TORT LAW, AND
        HARASSMENT UNDER SECTION 1981 ARE TIME BARRED. ...................... 5

        A.      All Claims Under Title VII Are Time Barred ................................. 6

                1.      Title VII Claims were Not Filed within 90 days of
                        Receiving EEOC's Right-to-Sue Letter ........................... 6

                2.      Most of the Title VII Claims Were Untimely as of the Date
                        of the EEOC Charge ...................................................... 7

        B.      All DCHRA Claims are Time Barred .......................................... 8

        C.      All Equal Pay Act Claims are Time Barred. ............................... 8

        D.      All FMLA and DCFMLA Retaliation Claims are Time Barred. ...... 9

        E.      Any Civil Conspiracy Claim is Time Barred. ............................. 10

        F.      Any D.C. Tort Claim is Time Barred ........................................ 10

        G.      Any Section 1981 Claims Based on Acts Occurring Prior to May 7,
                2015 are Time Barred ............................................................. 11

III.    THE DISTRICT OF COLUMBIA'S WHISTLEBLOWER ACT IS NOT
        APPLICABLE ......................................................................................... 11

IV.     EVEN IF CONSIDERED TIMELY, THE COMPLAINT FAILS TO
        STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6) UNDER
        TITLE VII, SECTION 1981, THE EPA, DC TORT LAW, AND CIVIL
        CONSPIRACY. ....................................................................................... 12

                1.      Discrimination in Terms and Conditions of Employment .... 14

                2.      Hostile Work Environment/Harassment .......................... 16

                3.      Discrimination for Failure to Promote ........................... 18

                4.      Retaliation .............................................................. 18

                1.      Wrongful Discharge .................................................. 21

                2.      Wrongful Termination ................................................ 21

i

3.      D.C. False Claims Act...................................................................21

Conclusion ............................................................................................................................23

# TABLE OF AUTHORITIES

**Page**

### Cases

*Ahuja v. Detica Inc.*,
   742 F. Supp. 2d 96 (D.D.C. 2010) .......................................................... 16, 17

*Alexander v. Wash. Gas Light Co.*,
   481 F. Supp. 2d 16 (D.D.C. 2006) ............................................................... 13

*Arafi v. Mandarin Oriental*,
   867 F. Supp. 2d 66 (D.D.C. 2012) ............................................................... 18

*Artis v. D.C.*,
   138 S. Ct. 594 (2018) ........................................................................... 10, 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................ 12, 13, 15

*Ayissi-Etoh v. Fannie Mae*,
   712 F.3d 572 (D.C. Cir. 2013) ..................................................................... 14

*Beckworth v. Career Blazers Learning Ctr. of Washington, D.C., Inc.*,
   946 F. Supp. 1035 (D.D.C. 1996) ................................................................ 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................. 12, 13

*Brantley v. Kempthorne*,
   No. CIV.A. 06-1137ESH, 2008 WL 2073913
   (D.D.C. May 13, 2008) ............................................................................... 16

*Bray v. RHT, Inc.*,
   748 F. Supp. 3 (D.D.C. 1990) ...................................................................... 13

*Broderick v. Donaldson*,
   437 F.3d 1226 (D.C. Cir. 2006) ................................................................... 19

*Browning v. Clinton*,
   292 F.3d 235 (D.C. Cir. 2002) ..................................................................... 11

*Carter v. Pena*,
   14 F. Supp. 2d 1 (D.D.C. 1997),
   *aff'd*, 97-5324, 1998 WL 315616 (D.C. Cir. Apr. 8, 1998) ........................... 18

*Copeland v. Arklay LLC*,
   273 F. Supp. 3d 69 (D.D.C. 2017) ......................................................... 14, 16

*Cornish v. D.C.*,
    67 F. Supp. 3d 345 (D.D.C. 2014) ...................................................................... 20

*Coulibaly v. Kerry*,
    213 F. Supp. 3d 93 (D.D.C. 2016) ...................................................................... 11

*Craig v. District of Columbia*,
    74 F. Supp. 3d 349 (D.D.C. 2014) ........................................................................ 8

*Daka, Inc. v. Breiner*,
    711 A. 2d 86, 93 (D.C. 1998) ............................................................................. 16

*Dickerson v. D.C.*,
    70 F. Supp. 3d 311 (D.D.C. 2014) ...................................................................... 21

*Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.*,
    749 A.2d 724 (D.C. 2000) ............................................................................ 22, 23

*Franklin v. Potter*,
    600 F. Supp. 2d 38 (D.D.C. 2009) ...................................................................... 17

*Griffin v. Acacia Life Ins. Co.*,
    925 A.2d 564 (D.C. 2007) ................................................................................. 6, 7

*Haines v. Kerner*,
    404 U.S. 519 (1972) ............................................................................................. 6

*Halberstam v. Welch*,
    705 F.2d 472, 477 (D.C. Cir. 1983) .................................................................... 22

*Hamilton v. Geithner*,
    666 F.3d 1344 (D.C. Cir. 2012) .......................................................................... 19

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17 (1993) ............................................................................................. 16

*Haynes v. Navy Fed. Credit Union*,
    52 F. Supp. 3d 1 (D.D.C. 2014) ........................................................................... 5

*Hodge v. United Airlines*,
    666 F. Supp. 2d 14 (D.D.C. 2009) ........................................................................ 9

*Jones v. Castro*,
    168 F. Supp. 3d 169 (D.D.C. 2016) .................................................................... 19

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369 (2004) ........................................................................................... 11

*Jovanovic v. US-Algeria Bus. Council*,
    561 F. Supp. 2d 103 (D.D.C. 2008) ........................................................... 12

*Lu v. Lezell*,
    45 F. Supp. 3d 86 (D.D.C. 2014) ............................................................... 10

*McFarland v. George Washington Univ.*,
    935 A.2d 337 (D.C. 2007) ................................................................... 14, 15

*Middlebrooks v. Godwin Corp.*,
    722 F. Supp. 2d 82 (D.D.C. 2010),
    *aff'd,* 424 F. App'x 10 (D.C. Cir. 2011) ...................................................... 15

*Miller v. Downtown Bid Services Corp.*,
    281 F. Supp. 3d 15 (D.D.C. 2017) ............................................................ 6, 7

*Mpoy v. Fenty*,
    870 F. Supp. 2d 173 (D.D.C. 2012) ............................................................ 22

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002) ............................................................................... 7, 8

*Ndondji v. InterPark Inc.*,
    768 F. Supp. 2d 263 (D.D.C. 2011) ............................................................ 15

*Ndzerre v. Washington Metro. Area Transit Auth.*,
    174 F. Supp. 3d 58 (D.D.C. 2016) ............................................................... 9

*Payne v. District of Columbia.*,
    773 F. Supp. 2d 89 (D.D.C. 2011) .............................................................. 21

*Riggs v. Home Builders Inst.*,
    203 F. Supp. 2d 1 (D.D.C. 2002) ............................................................... 21

*Scott v. Dist. Hosp. Partners, L.P.*,
    60 F. Supp. 3d 156 (D.D.C. 2014),
    *aff'd*, 715 F. App'x 6 (D.C. Cir. 2018) ......................................................... 6

*Singh v. U.S. House of Reps., Comm. on Ways & Means*,
    300 F. Supp. 2d 48 (D.D.C. 2004) ............................................................. 17

*Smith-Haynie v. D.C.*,
    155 F.3d 575 (D.C. Cir. 1998) ............................................................ 5, 7, 8

*Stephenson v. American Dental Assn.*,
    789 A.2d 1248 (D.C. 2002) ..................................................................... 10

*United States v. Allen*,
    No. 03–cr–0557–1(PLF), 2016 WL 4099037 (D.D.C. Aug. 2, 2016) ............................ 5

*Untalasco v. Lockheed Martin Corp.*,
    249 F. Supp. 3d 318 (D.D.C. 2017) ................................................................................. 5

*Wiley v. Johnson*,
    436 F. Supp. 2d 91 (D.D.C. 2006) .................................................................................. 6

*Ziglar v. Abbasi*,
    137 S. Ct. 1843 (2017) ................................................................................................... 22

**Statutes**

D.C. Code § 1–615.54(a)(2) ...................................................................................................... 12

*D.C. Code § 2-1403.16. ....................................................................................................... 8, 9

*D.C. Code § 2–381.04(c) (2001) ............................................................................................. 10

D.C. Code § 12–301(4) ............................................................................................................. 11

*D.C. Code § 12-301(8) ............................................................................................................ 10

*D.C. Code § 1-615.52 ......................................................................................................... 11, 12

*D.C. Code § 1-615.53 ......................................................................................................... 11, 12

D.C. Code § 1-617.01(d) ........................................................................................................... 12

*28 U.S.C. § 1658 .................................................................................................................... 11

*29 U.S.C. § 255(a) ................................................................................................................... 8

*29 U.S.C. § 2617 ................................................................................................................. 9, 10

*42 U.S.C. § 1981 ................................................................................... 2, 4, 13, 14, 15, 18

*42 U.S.C. § 2000e-2(a)(1) ................................................................................................ 13, 14

*42 U.S.C. § 2000e–5(f)(1) ....................................................................................................... 6

Fed. R. Civ. P. 4(m) .................................................................................................................... 4

Fed. R. Civ. P. 6(d) ..................................................................................................................... 7

Fed. R. Civ. P. 8 ....................................................................................................................... 20

Fed. R. Civ. P. 12(b) ................................................................................................................... 1

Fed. R. Civ. P. 12(B)(6)..............................................................................................................6, 12

Fed. R. Civ. P. 16.............................................................................................................................2

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") respectfully submits this Motion to Dismiss and Memorandum of Points and Authorities in support, and hereby requests that the Court dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

## PRELIMINARY STATEMENT

This case arises from the termination of Crystal Nwaneri's employment caused by her continuous substandard performance and inability to sustain adequate billable work. In October 2012, Quinn Emanuel hired Nwaneri, a 2006 graduate of Georgetown University Law Center, as a senior associate in its Washington, D.C. office. As a former federal clerk and licensed attorney with six years of experience, Nwaneri was expected to effectively manage her caseload and perform her duties diligently and with a high degree of professionalism. After admittedly failing to meet deadlines, receiving negative substantive feedback from multiple partners, and consistently failing to perform work expected of a senior associate (in terms of both quality and quantity), Nwaneri was terminated. Disgruntled, she now alleges—years after the fact—that her low volume of work, negative performance feedback, and eventual termination were attributable to her gender and race.

Each claim of the Complaint should be dismissed. Nwaneri has not complied with the relevant statutes of limitations, leaving nearly all of her claims time barred, and served the Complaint outside the mandatory 90-day window. Finally, she has failed to state a legal claim. Beyond all that, the Complaint is riddled with glaring errors, e.g., citing the wrong statutes, apparently failing to file the Complaint in its entirety, instead copying every other page,[1] and

---

[1]   That Nwaneri neglected to file every other page of her Complaint is both glaring and telling.

failing to attach the Right-to-Sue Letter (even though it is required by the template she used).[2] The Complaint is wholly defective and should be dismissed.

## PROCEDURAL HISTORY

On February 27, 2017, Nwaneri cross-filed a charge (the "EEOC Charge") with the Equal Employment Opportunity Commission and the District of Columbia Office of Human Rights alleging violations of (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) the Family and Medical Leave Act ("FMLA"); (3) the Equal Pay Act of 1963 ("EPA"); (4) 42 U.S.C. § 1981; (5) the District of Columbia Human Rights Act of 1977 ("DCHRA"); and (6) the District of Columbia Family Medical Leave Act ("DCFMLA").

On June 27, 2017, the parties participated in the EEOC's mediation process, but failed to resolve the matter.   On January 30, 2018, the EEOC issued Nwaneri a Dismissal and Notice of Rights Letter (the "Right-to-Sue Letter").   More than **15 months later** and **one year after** the deadline to file a lawsuit expired, per the Right-to-Sue Letter, Nwaneri filed the Complaint. Nwaneri served Quinn Emanuel with the Complaint on August 19, 2019—**two weeks after** the time limit for service.

## STATEMENT OF FACTS

Quinn Emanuel is a global litigation firm that prides itself on winning "bet-the-company" litigation through its assembling of top-tier talent.   In order to maintain its status and continue to provide first-class advocacy, it demands that its attorneys approach each task with professionalism and a careful eye toward detail.   Quinn Emanuel holds itself and its attorneys to the highest

---

[2]   On August 23, 2019, Quinn Emanuel sent Nwaneri an email to the email address listed on the Complaint, requesting a conference under Federal Rule of Civil Procedure 16 and Local Rule LCvR 16.3, including to discuss certain of the deficiencies identified in this Motion.   Nwaneri has failed to so much as respond.

standards because it understands that mistakes and missed deadlines adversely affect its clients and are unacceptable when dealing with the high-stakes legal matters the firm routinely handles.

Quinn Emanuel hired Nwaneri in 2012 as a senior associate in its Washington D.C. office. Compl., EEOC Charge ¶ 7.   Nwaneri had served two federal judicial clerkships—one at the U.S. District Court for the District of South Carolina and the other at the U.S. Court of Appeals for the Seventh Circuit—and had six years of legal experience before starting at Quinn Emanuel. Compl., EEOC Charge ¶ 6.   Upon starting, Nwaneri was quickly staffed on a large matter based out of New York, with a supervisory role.   Compl., EEOC Charge ¶ 8.   In 2014, Nwaneri served on another large matter that required her to provide legal services in Switzerland.   Compl., EEOC Charge ¶¶ 8, 16.

Nwaneri took FMLA leave through much of 2014, returning in January 2015.   Compl., EEOC Charge at ¶¶ 17–18.   Nwaneri now claims that did not receive a bonus she was entitled to for her work in 2014.   Compl., EEOC Charge ¶ 18.

After returning from leave, Nwaneri began working with several of Quinn Emanuel's D.C. partners.   The Complaint admits Nwaneri missed internal and external deadlines, Compl., EEOC Charge ¶ 28, received negative substantive feedback, and did not perform to the level expected of her by her superiors.   Compl., EEOC Charge ¶¶ 38–41.   Consequently, the partner managing certain cases she worked on would request updates on assigned tasks and would follow up if she failed to respond.   Compl., EEOC Charge ¶ 29.

In July 2015, Nwaneri arranged a meeting to discuss several instances where a partner had shown dissatisfaction with her performance.   Compl., EEOC Charge ¶¶ 31–32.   Despite this conversation, Nwaneri continued to underperform, resulting in her receiving formal negative feedback in October 2015.   Compl., EEOC Charge at ¶ 39.

Nwaneri did not succeed in resolving the concerns related to her performance.   Because of her inability to secure billable work and substandard performance, Compl., EEOC Charge ¶ 41, Quinn Emanuel terminated her employment on May 4, 2017.   Compl., EEOC Charge ¶ 49.

## ARGUMENT

Nwaneri takes a throwing-mud-at-the-wall approach in her Complaint, purporting to allege claims based on discrimination and retaliation under (1) Title VII; (2) 42 U.S.C. § 1981;[3]  (3) the EPA; (4) the Lilly Ledbetter Act;[4]  (5) the FMLA; (6) the DCFMLA, (7) the DCHRA; (8) the D.C. Council Whistleblower Protection Act; and (9) D.C. tort law, including for civil conspiracy, harassment and wrongful termination.   Every one of these claims should be dismissed.

*First*, Nwaneri failed to serve Quinn Emanuel in the time allotted by the Federal Rules of Civil Procedure.   Accordingly, the Complaint should be dismissed in its entirety.

*Second*, Nwaneri's claims under Title VII, the EPA, DCHRA, FMLA, DCFMLA, D.C. tort law, civil conspiracy and harassment are all time barred by the applicable statutes of limitations.

*Lastly*, Nwaneri fails to state a claim for relief for the rest of her claims.   Thus, Quinn Emanuel requests the Court dismiss the Complaint.

## I.      THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO SERVE

Under Federal Rule of Civil Procedure 4(m), Nwaneri needed to serve Quinn Emanuel with the Complaint within 90 days of filing.   But Nwaneri failed to do so.   Nwaneri filed her Complaint on May 7, 2019, and had until August 5, 2019 to timely serve it.   Dkt. 1.   Quinn

---

[3]   Nwaneri's Complaint purports to assert claims under "28 U.S.C. § 1981."   Quinn Emanuel could not identify any corresponding statute and assumes that Nwaneri intends to allege claims under 42 U.S.C. § 1981.

[4]   Nwaneri's Complaint purports to claim relief under the Lilly Ledbetter Act.   The Lilly Ledbetter Act enacted amendments to Title VII.   Thus, the "claims' under the Lilly Ledbetter Act are subsumed in the discussion of Nwaneri's Title VII claims.

Emanuel was not served until August 19, 2019, **two weeks after the deadline**.   Dkt. 6.   Nwaneri has offered no justification for the delay, and the Complaint should therefore be dismissed in its entirety.

## II.   CLAIMS BROUGHT UNDER TITLE VII, DCHRA, THE EPA, FMLA, DCFMLA, CIVIL CONSPIRACY, D.C. TORT LAW, AND HARASSMENT UNDER SECTION 1981 ARE TIME BARRED.

As detailed below, most of Nwaneri's claims are time barred by the applicable statutes of limitations and should therefore be dismissed with prejudice.   *See Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) ("an affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint.").

Although pro se litigants are awarded latitude in some aspects of their pleadings, pro se status is not a basis for tolling statues of limitations.   *See Untalasco v. Lockheed Martin Corp.*, 249 F. Supp. 3d 318, 324 (D.D.C. 2017) ("It is clear beyond cavil that litigants who proceed without counsel are not excused from following procedural rules such as the statute of limitations.") (internal quotations omitted); *see also United States v. Allen*, No. 03–cr–0557–1 (PLF), 2016 WL 4099037, at *2 (D.D.C. Aug. 2, 2016) ("[F]ailure to meet the statutory deadline due to pro se representation is not a circumstance in which it is appropriate to toll the statute of limitations.") (citations omitted).

Even setting that aside, Nwaneri is not the typical pro se litigant.   She maintains an active attorney status with the D.C. Bar and the crux of her Complaint hinges on her competence in the legal sphere.   Indeed, underlying Nwaneri's entire Complaint is the allegation that she is, in fact, competent not only to practice law, but to do so according to the high standards prevailing at an elite firm specializing in litigation.   Here, treating Nwaneri as a lay pro se plaintiff would be inappropriate.   *See Haynes v. Navy Fed. Credit Union*, 52 F. Supp. 3d 1, 2 n.1 (D.D.C. 2014)

("Although Plaintiff is proceeding in this action pro se, he is an attorney . . . [and a]s a result, he is not entitled to the same level of solicitude often afforded non-attorney litigants proceeding without legal representation."); *cf., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to a less stringent standards than formal pleadings *drafted by lawyers*).

### A.  All Claims Under Title VII Are Time Barred

#### 1.  Title VII Claims were Not Filed within 90 days of Receiving EEOC's Right-to-Sue Letter

Nwaneri needed to file a civil action under Title VII within 90 days of receiving the Right-to-Sue Letter.   *See* 42 U.S.C. § 2000e–5 (f)(1); *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 570–71 (D.C. 2007).   "Courts have strictly construed the ninety-day statute of limitations in Title VII cases, even where the plaintiff is proceeding pro se."   *Miller v. Downtown Bid Services Corp.*, 281 F. Supp. 3d 15, 19 (D.D.C. 2017) (citation omitted and alterations accepted).   "Thus, courts will dismiss a suit for missing the deadline by even one day."   *Id*. (citing *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)) (internal quotations omitted).

Nwaneri missed this deadline not by days or even weeks, but by ***an entire year***.   Although failing to plead the precise date on which she received the Right-to-Sue Letter (despite the form used specifically calls for this information), the EEOC issued the Right-to-Sue Letter to Nwaneri on January 30, 2018.[5]   "Courts generally assume that the final EEOC decision was mailed on the same day that it was issued. . . and that the plaintiff received the decision either three or five days

---

[5]   Nwaneri did not attach the Right-to-Sue Letter to the Complaint, but states that she received it in Section IV of the form Complaint.   Dkt. 1, at 5.   The Court can thus consider the Right-to-Sue Letter without converting this motion to dismiss to a motion for summary judgment.   *See Scott v. Dist. Hosp. Partners, L.P.*, 60 F. Supp. 3d 156, 161 (D.D.C. 2014), *aff'd*, 715 F. App'x 6 (D.C. Cir. 2018) (explaining that the Court "can consider documents attached to or incorporated by the complaint in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment including documents referenced or cited to in a complaint") (internal quotations omitted).

6

after it was mailed."   *Id*. (citations omitted and ellipses in original text); *see* Fed. R. Civ. P. 6(d);

*Smith-Haynie*, 155 F.3d at 578 n.3 (explaining that "[i]n the event that a date is not pleaded [in a

Title VII Complaint], the Supreme Court has applied the '3–day' rule . . . to presume that the letter

is received three days after it is mailed").   Even applying the most generous presumption, the

Court can assume that Nwaneri had received the Right-to-Sue Letter by February 4, 2018, five

days after it was issued.   Nwaneri thus was required to file her civil action on or before May 7,

2018 at the very latest.[6]

Because Nwaneri failed to file her claims under Title VII until May 7, 2019, a full year

later, these claims should be dismissed as time-barred.[7]   *See Griffin*, 925 A.2d at 570–71.

### 2.    Most of the Title VII Claims Were Untimely as of the Date of the EEOC Charge

Even if Nwaneri had timely filed her lawsuit, the majority of her allegations relate to

conduct that occurred more than 300 days before she filed the EEOC Charge.

Under Title VII, "[a]n individual must file a charge within the statutory time period and

serve notice upon the person against whom the charge is made.   In a State [like the District] that

has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice,

an employee who initially files a grievance with that agency must file the charge with the EEOC

within 300 days of the employment practice. . . . A claim is time barred if it is not filed within these

time limits."   *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).   "[D]iscrete

---

[6]    Ninety days after February 4, 2018 was Saturday, May 5, 2018.   The next business day was Monday, May 7, 2018.

[7]    Nwaneri is not entitled to equitable tolling, which is appropriate "only in extraordinary and carefully circumscribed instances," because she has failed to plead "(1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing."   *Miller*, 281 F. Supp. 3d at 20 (citations omitted and alterations accepted).

discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.   Each discrete discriminatory act starts a new clock for filing charges alleging that act."   *Id.* at 113.

Nwaneri alleges various discrete and purportedly discriminatory acts in 2014, 2015 and 2016, which she asserts led to her termination on May 4, 2016.

Nwaneri filed the EEOC Charge on February 27, 2017.   Thus, under the 300-day statute of limitations applicable in D.C., Nwaneri's Title VII claims related to all actions that occurred before May 3, 2016 are time barred and should be dismissed.   All of the acts Nwaneri alleged before her termination were untimely when she filed her EEOC Charge, and cannot be considered.

### B.   All DCHRA Claims are Time Barred

The DCHRA has a one-year statute of limitations period, *see* D.C. Code § 2–1403.16, which is tolled during the EEOC proceeding.   *See Craig v. District of Columbia*, 74 F. Supp. 3d 349, 366 (D.D.C. 2014) ("[A] charge filed with the EEOC in the District of Columbia is automatically cross-filed with the D.C. Office of Human Rights, [so] filing a charge with the EEOC suffices to toll the one-year statute of limitations for DCHRA claims.") (citations omitted).

Nevertheless, Nwaneri waited ***over a year*** after the EEOC issued the Right-to-Sue Letter to file her claims for alleged violations of the DCHRA.   The one-year statute of limitations, though tolled by the filing of the EEOC Charge, ran no later than February 4, 2019.   Accordingly, Nwaneri's DCHRA claims should be dismissed as time barred.

### C.   All Equal Pay Act Claims are Time Barred.

The statute of limitations for a claim based on a violation of the Equal Pay Act is two years, but can be extended to three years for willful violations.   29 U.S.C. §255(a); *see Smith-Haynie*, 155 F.3d at 577, n.1 (D.C. Cir. 1998) (upholding dismissal of Equal Pay Act claims as barred by a three-year statute of limitations for willful violations).

Nwaneri's sole allegation about discrimination in compensation is that Quinn Emanuel failed to pay her the same bonus that it paid other male attorneys who also took FMLA for work performed in 2014.   Specifically, she alleges that she did not receive a prorated bonus when she returned to work in January 2015.   Even applying the statute of limitations for willful violations, Nwaneri's claim is time barred.   To fall within the statute, Nwaneri would have had to file her claims under the Equal Pay Act by January 2018, at the absolute latest.   Nwaneri's claim is late by at least *a year and four months* and should be dismissed.

### D.  All FMLA and DCFMLA Retaliation Claims are Time Barred.

All of Nwaneri's claims arising under the federal FMLA and DCFMLA are time-barred. The statute of limitations for claims under the FMLA is two years, 29 U.S.C. § 2617, while the limitations period for the DCFMLA is one year, D.C. Code § 2-1403.16.   Notably claims under the FMLA and DCFMLA are not tolled by the filing of an administrative proceeding.   *See Ndzerre v. Washington Metro. Area Transit Auth.*, 174 F. Supp. 3d 58, 63 (D.D.C. 2016) ("[B]ecause the FMLA does not require the exhaustion of administrative remedies prior to filing a civil action, the filing of an EEOC complaint does not toll the statute of limitations applicable to FMLA claims."); D.C. Code § 2-1403.16 (allowing tolling only for claims filed against the District).

Nwaneri alleges that she was not paid a prorated bonus or offered billable work in D.C. upon her return in January 2015 because she took FMLA leave in 2014.   The statutes of limitations ran under the FMLA and DCFMLA on January 2016 and January 2017 respectively.[8] Accordingly, Nwaneri's claims are *over two and three years too late*, and should be dismissed

---

[8]   Nwaneri does not allege willful or intentional violation of the FMLA.   *See Hodge v. United Airlines*, 666 F. Supp. 2d 14, 23 (D.D.C. 2009) (noting that "[t]he three-year statute of limitations

### E. Any Civil Conspiracy Claim is Time Barred.

To the extent Nwaneri identifies any potential conspiracy within Quinn Emanuel (which, as described in Section IV(D), she fails to do), she was aware of it by, at the latest, the date of her termination on May 4, 2016.   Any claim arising from it had to be brought within three years. *See* D.C. Code § 12–301(8); *Lu v. Lezell*, 45 F. Supp. 3d 86, 93 (D.D.C. 2014).   Nwaneri did not file her lawsuit until May 7, 2019, more than three years later.   Her claim must therefore be dismissed.

### F. Any D.C. Tort Claim is Time Barred

The Complaint purports to allege that Quinn Emanuel violated "DC tort laws re: wrongful termination."   Dkt. 1 at 3.   Nwaneri fails to identify which torts Quinn Emanuel allegedly violated.   Regardless, Nwaneri's claims of wrongful termination under the D.C. False Claims Act, the tort of wrongful termination in D.C., and the tort of wrongful discharge are all time barred. Each has a three-year statute of limitations that started to run on the day Nwaneri lost her job, i.e., May 4, 2016.   *See Artis v. District of Columbia*, 138 S. Ct. 594, 600 n.2 (2018) (citing D.C. Code § 2–381.04(c) (2001) (D.C. False Claims Act); *Stephenson v. American Dental Assn.,* 789 A.2d 1248, 1249, 1252 (D.C. 2002) (tort of wrongful termination governed by D.C.'s catchall three-year limitations period and claim accrues on the date when plaintiff has unequivocal notice of termination)).   Because Nwaneri filed the Complaint on May 7, 2019, more than three years after her termination, any D.C. tort claim should be dismissed.[9]

---

for willful violations does not apply unless the complaint contains some express or implied allegation of willful conduct") (citation omitted).   Even if the Court were to apply the more generous three year limitations period, however, Nwaneri's claims were still more than a year late when filed in May 2019.   *See* 29 U.S.C. § 2617.

[9]   The District of Columbia has a catch-all provision for statute of limitations "for which a limitation is not otherwise specially prescribed" is three years.   D.C. Code § 12–301(8).   Thus,

**G. Any Section 1981 Claims Based on Acts Occurring Prior to May 7, 2015 are Time Barred.**

All of Nwaneri's claims arising from alleged discrimination before May 7, 2015 are time barred. *See* 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004) (employment discrimination cases based on race brought under Section 1981 are subject to the four-year statute of limitations).

Any alleged discrimination on or after May 7, 2015 should be dismissed for failure to state a claim, as discussed below in Section IV.A.

## III. THE DISTRICT OF COLUMBIA'S WHISTLEBLOWER ACT IS NOT APPLICABLE

Nwaneri's purported reliance on the District of Columbia's Whistleblower Act[10] lacks any valid foothold. The Act applies only to employees of the District of Columbia. *See* D.C. Code §§ 1–615.52; 1–615.53 (prohibiting supervisors from taking certain employment actions against

---

any other tort in the District of Columbia that might apply to the allegations in the complaint would also be time barred.

If Nwaneri's claims hinge on Quinn Emanuel's September 2016 statement that Nwaneri "threatened to sue" Quinn Emanuel, those claims, if cognizable, would be more properly construed as claims for defamation or interference with prospective business relations. Any such claim would likewise be barred by the one-year statute of limitations applicable to either cause of action. D.C. Code § 12–301(4); *see Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 130 (D.D.C. 2016) ("For defamation claims, a one-year limitations period applies in the District of Columbia."); *Browning v. Clinton*, 292 F.3d 235, 244 (D.C. Cir. 2002) ("In the District of Columbia, tortious interference with business expectancy claims have no prescribed statute of limitations, so we must apply the one-year statute for defamation.").

[10] Nwaneri's Complaint purports to assert claims under "DC Council Whistleblower Protections." Quinn Emanuel could not identify any corresponding statute and assumes that Nwaneri intends to allege claims under the District of Columbia's Whistleblower Act.

employees of the District of Columbia).[11]  Nwaneri was not employed by the District of Columbia, nor is Quinn Emanuel part of the District's Government.

Even if the District of Columbia's Whistleblower Act applied, it too would be time barred. *See Artis*, 138 S. Ct. at 600 n.2 (2018) ("[a] whistleblower claim had a one-year limitations period, which began to accrue when [Plaintiff] first became aware that she had been terminated for reporting her supervisor's misconduct.") (alternations accepted); D.C. Code § 1–615.54(a)(2). This claim should be dismissed both as time barred and as failing to state a claim.

## IV.   EVEN IF CONSIDERED TIMELY, THE COMPLAINT FAILS TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6) UNDER TITLE VII, SECTION 1981, THE EPA, DC TORT LAW, AND CIVIL CONSPIRACY.

On a motion to dismiss, "the court must construe the Complaint in the Plaintiff's favor [but] it need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint." *Jovanovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 110 (D.D.C. 2008) (alterations to citation).  "Moreover, the court is not bound to accept the legal conclusions of the non-moving party." *Id*.  Instead, this Court should credit only the concrete factual allegations of the Complaint, and, upon doing so, should ask whether those state a plausible legal claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550

---

[11]   The Act states: "A supervisor shall not take, or threaten to take, a prohibited personnel action or otherwise retaliate against an employee because of the employee's protected disclosure or because of an employee's refusal to comply with an illegal order."  D.C. Code § 1–615.53.  The Act defines employee as "any person who is a former or current District employee, or an applicant for employment by the District government" and supervisor as "an individual employed by the District government who meets the definition of a 'supervisor' in § 1–617.01(d) or who has the authority to effectively recommend or take remedial or corrective action for the violation of a law, rule, regulation or contract term, or the misuse of government resources that an employee may allege or report under this section, including without limitation an agency head, department director, or manager."  D.C. Code § 1–615.52.

U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

More specifically, a plaintiff alleging discrimination must plead *facts* that would show that the defendant acted for discriminatory reasons. *See id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[A] plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, a plaintiff must allege some facts that demonstrate that race was the reason for [the] defendant's actions." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990) (citation omitted); *see also Alexander v. Wash. Gas Light Co.*, 481 F. Supp. 2d 16, 31 (D.D.C. 2006) (quoting *Bray*).

Even taking Nwaneri's factual allegations as true (which they are not), the Complaint falls woefully shy of this standard. At bottom, the legal claims pleaded by Nwaneri do not remotely follow from the actual facts she alleges (as distinct from bare legal conclusions she asserts).

## A. Nwaneri Fails to Allege Facts that State a Claim Under Title VII and Section 1981

Nwaneri baldly alleges, without supporting facts, that she faced discrimination for unequal terms and conditions of employment, termination of employment, failure to promote, harassment, and retaliation based on both her gender and race, in violation of Title VII and Section 1981. Section 1981 prohibits intentional discrimination on the basis of race only, 42 U.S.C. § 1981, while, as relevant here, Title VII also recognizes claims based on gender discrimination, 42 U.S.C. 2000e-2(a)(1). Yet the remaining elements of the various causes of action Nwaneri alleges under

Title VII and Section 1981 largely track one another, and because the claims fail for the same reasons, they can be considered (and dismissed) together.[12]

### 1.     Discrimination in Terms and Conditions of Employment

To state a claim for discrimination under Section 1981, Nwaneri must allege that "(1) she is a member of a protected class, (2) she suffered an adverse employment action (i.e., unequal terms and conditions or termination), and (3) 'the unfavorable action gives rise to an inference of discrimination (that is, an inference that [her] employer took the action because of [her] membership in the protected class)." *Copeland v. Arklay LLC*, 273 F. Supp. 3d 69, 74 (D.D.C. 2017) (internal quotations omitted) (setting forth the elements of a claim under Section 1981). Similarly, under Title VII, Nwaneri must show that: (1) "[s]he was a member of a protected class," (2) "[s]he was qualified for the job from which [s]he was terminated," (3) "[her] termination occurred despite [her] employment qualifications," and (4) "a substantial factor in [her] termination was [her] membership in the protected class." *McFarland v. George Washington Univ.*, 935 A.2d 337, 352 (D.C. 2007) (internal quotations omitted) (setting forth the elements under Title VII).

Even the misleading and self-serving statements Nwaneri makes in the Complaint reveal that her termination was not based in any part on her race or gender, but rather was the direct result of Nwaneri's poor job performance.   The Complaint is replete with complaints from partners

---

[12]   *Compare* 42 U.S.C.§ 1981 (prohibiting discrimination on the basis of race in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship"), *with* 42 U.S.C. 2000e-2(a)(1) (making it illegal for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin"); *see also Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 576 (D.C. Cir. 2013) ("In Section 1981 and Title VII cases, courts use the same framework for determining whether unlawful discrimination occurred.").

14

about Nwaneri's failure to timely and satisfactorily complete her work, which provide consistent indications that Nwaneri was unqualified in the eyes of all observers for the position she held when she was ultimately terminated.    *See* Compl., EEOC Charge ¶ 28, 29, 32, 38, 39.

And, nowhere does Nwaneri allege that similarly-situated associates outside of her protected class —i.e., senior associates who also received poor performance feedback and had chronically low billable hours—were not subject to termination.    Simply put, "[t]here is nothing in the complaint that permits the Court to infer more than the mere possibility of misconduct." *See Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 88 (D.D.C. 2010), *aff'd*, 424 F. App'x 10 (D.C. Cir. 2011) (alterations and quotations omitted) (dismissing Section 1981 claims where plaintiff failed to allege facts to support conclusory allegations of discrimination); *McFarland*, 935 A.2d at 353 (noting that "[d]ifferences in job title, responsibilities, education, experience, and ***work record*** can be used to determine whether two employees are similarly situated) (emphasis added).

To the extent Nwaneri alleges that others were given "more favorable" work assignments, Compl., EECO Charge ¶ 21, she fails to explain what work she or others received, nor how any of the work was more or less favorable.

Notably, a plaintiff raising a Section 1981 claim "cannot merely invoke [her] race in the course of a claim's narrative and automatically be entitled to . . . relief.    Rather, plaintiff must allege some facts that demonstrate that [her] race was the reason for a defendant's actions." *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 274 (D.D.C. 2011).    Nwaneri fails to offer such allegations, and instead makes conclusory statements that her termination was due to her race and gender.    Such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for race discrimination.    *See Iqbal*, 556 U.S. at 678.

## 2.   Hostile Work Environment/Harassment[13]

To establish a hostile work environment, Nwaneri would have to allege facts to show that "(1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment occurred because of her protected status; (4) the harassment was severe to a degree which affected a term, condition, or privilege of employment, and (5) the employer may be held liable for the harassment."   *Copeland*, 273 F. Supp. 3d at 76.   She must allege that "the workplace [was] permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."   *Daka, Inc. v. Breiner*, 711 A. 2d 86, 93 (D.C. 1998) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)) (internal quotations omitted).   Notably, "[n]ot all forms of offensive or discriminatory conduct, however, give rise to a hostile work environment claim."   *Ahuja v. Detica Inc*., 742 F. Supp. 2d 96, 104 (D.D.C. 2010).   Nwaneri's grievances fall well short of the standard in both "frequency" and "severity," and should accordingly be dismissed.

In support of her hostile work environment/harassment claim, Nwaneri alleges that in connection with work, a partner used verbally abusive language in email,[14] would make unnecessary phone calls, and would show up to her office unannounced to check on the progress

---

[13]   Nwaneri alleges claims for "harassment" without further explanation.   Quinn Emanuel treats those claims, to the extent identifiable, in conjunction with the hostile work environment claims. *See Brantley v. Kempthorne*, Civ. A. No. 06-1137 (ESH), 2008 WL 2073913, at *1, n.1 (D.D.C. May 13, 2008) ("Plaintiff's complaint also alleges "harassment" in violation of Title VII. However, because this claim is indistinguishable from her hostile work environment claim, the Court merges the two for purposes of analysis.") (record citation omitted).

[14]   Nwaneri does not identify the date of the email or the allegedly offending statements, describing them only as "denigrating," without reference to race or gender.   Compl., EEOC Charge ¶ 29.

of her work.   Compl., EEOC Charge ¶ 29.   These allegations are not sufficient to warrant a claim for hostile work environment/harassment for three reasons.

*First*, Nwaneri fails to allege that the specific conduct was motivated by her race or gender, rather than her poor professional performance.   "Absent a connection between [the] alleged discriminatory acts and Plaintiff's sex, race, or ethnicity, these allegations cannot be grounds for a . . . hostile work environment claim."   *Ahuja*, 742 F. Supp. 2d at 105 (citation omitted).

*Second*, the complained-of conduct is not sufficiently "extreme" to be considered more than a common workplace grievance.   *See Franklin v. Potter*, 600 F. Supp. 2d 38, 77 (D.D.C. 2009) (holding there was no hostile work environment where a supervisor was "standing in the doorway in her stern voices saying what plaintiff better do, repeating her remarks over and over, and over") (internal quotations omitted) (alterations accepted).   More specifically, "the fact that an employee and his immediate supervisor repeatedly 'butted heads,' that the supervisor 'frequently yelled at him during discussions about his work,' and that the supervisor 'threatened him' with job-related consequences for his refusals to meet workplace expectations does not demonstrate a hostile work environment pervaded by discrimination or retaliation."   *Id.*; *see also Singh v. U.S. House of Reps., Comm. on Ways & Means*, 300 F. Supp. 2d 48, 56 (D.D.C. 2004) ("Criticisms of a subordinate's work and expressions of disapproval (even loud expressions of disapproval) are the kinds of normal strains that can occur in any office setting . . .").

*Third*, Nwaneri has failed to allege the pervasiveness of the conduct such that it would permeate the workplace.   *See Ahuja*, 742 F. Supp. 2d at 104 (refusing to consider paragraphs in support of Plaintiff's hostile work environment claim that characterized Defendant's behavior but do not allege specific facts sufficient to support a hostile work environment claim) (dismissing

hostile work environment claim where Plaintiff only alleged five discrete events of discrimination spread out over more than four years).

Nwaneri thus has failed to state a claim for hostile work environment.

### 3. Discrimination for Failure to Promote

Under Title VII, "[i]n order to establish a prima facie case of discriminatory failure to promote, the plaintiff must show . . . : (1) that the plaintiff belongs to a protected group; (2) that [s]he was qualified and applied for a promotion; (3) that the plaintiff was rejected despite the plaintiff's qualifications; and (4) that the position remained open and was filled by a similarly qualified person from outside the protected group." *Carter v. Pena*, 14 F. Supp. 2d 1, 5 (D.D.C. 1997), *aff'd*, 97-5324, 1998 WL 315616 (D.C. Cir. Apr. 8, 1998). Under Section 1981, the first three elements are the same, but the plaintiff must also allege that "a substantial factor in that rejection was the plaintiff's membership in the protected class." *Beckworth v. Career Blazers Learning Ctr. of Washington*, D.C., Inc., 946 F. Supp. 1035, 1045 (D.D.C. 1996).

Nwaneri fails to allege that she was qualified or ever applied for a promotion. To the contrary, Nwaneri alleges that she "deferred consideration [of her candidacy for partnership] until November 2016." Compl. ¶ 50. Because Nwaneri was terminated on May 4, 2016, she never "applied" for partnership nor was she "rejected" based on said application.

Nor does Nwaneri allege that race or gender played any role in the decision not to promote her to partnership. To the contrary, the Complaint reveals it was based on her poor job performance and low billable hours. *See* Compl., EEOC Charge ¶ 49. She thus fails to state a claim for discrimination based on failure to promote.

### 4. Retaliation

"[T]he elements of a prima facie case of retaliation under § 1981 are identical to those of a Title VII retaliation claim." *Arafi v. Mandarin Oriental*, 867 F. Supp. 2d 66, 76 (D.D.C. 2012).

"[T]o prove unlawful retaliation , a plaintiff must show: (1) that he opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action against him; and (3) that the employer took the action 'because' the employee opposed the practice."   *Jones v. Castro*, 168 F. Supp. 3d 169, 184 (D.D.C. 2016) (citations and alterations omitted).   Not every complaint by an employee garners its author protection against retaliatory action.   *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006).   "More specifically, a Title VII retaliation claims requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."   *Jones*, 168 F. Supp. 3d at 184 (citations omitted, alterations).

Nwaneri fails to allege that she engaged in any protected activity, i.e., that she "brought or threatened to bring a discrimination claim."[15]   In addition, Nwaneri fails to allege that her treatment or termination resulted from any discussions about a potential discrimination claim. Instead, Nwaneri alleges that her termination on May 4, 2016 was due to her difficulties securing billable work.   The one conversation Nwaneri identifies as having discussed any potential mistreatment occurred ten months before her termination.   Compl., EEOC Charge ¶¶ 31–32. That complaint lacks the required causal connection to support a retaliation claim because there is no allegation that her claimed status as a member of a protected class *caused* any alleged mistreatment.   *See Hamilton v. Geithner*, 666 F.3d 1344, 1357–58 (D.C. Cir. 2012) ("For purposes of establishing a prima facie case of retaliation, temporal proximity can indeed support an inference of causation, but only where the two events are very close in time.") (alterations accepted) (quotations omitted) (noting that "the Supreme Court has cited circuit decisions

---

[15]   In fact, the only time Nwaneri specifically references a threat to sue is where she alleged that "Quinn Emanuel **falsely** claimed that [she] had 'threatened to sue' the Firm in response to their July 2016 motion to withdraw."   Compl., EEOC Charge ¶ 54.

suggesting that in some instances a three-month period between the protected activity and the adverse employment action may, standing alone, be too lengthy to raise an inference of causation"). Nwaneri has thus failed to establish a retaliation claim under Title VII or Section 1981.

### B. Nwaneri Fails to Allege Facts that State a Claim Under the Equal Pay Act

Even if any Equal Pay Act claim is not time barred, Nwaneri fails to state a claim for relief under the Equal Pay Act. Nwaneri "must allege that (1) she was doing substantially equal work on the job, the performance of which required substantially equal skill, effort, and responsibility as the jobs held by members of the opposite sex; (2) the job was performed under similar working conditions; and (3) she was paid at a lower wage than those members of the opposite sex." *Cornish v. D.C.*, 67 F. Supp. 3d 345, 360 (D.D.C. 2014).

Nwaneri's sole vague allegation about her Equal Pay Act claims is that an unidentified male associate at Quinn Emanuel received a prorated bonus after taking FMLA leave. Nwaneri fails to allege any facts to show that she performed substantially the same work as the other unnamed associate—indeed she fails to allege any facts regarding what "skill, effort, or responsibility" the male associate had. Thus, the Court should dismiss this claim.

### C. Nwaneri Fails to Allege Facts that State a Claim For "DC Tort Laws re: Wrongful Termination"

Because Nwaneri has specified no tort she believes Quinn Emanuel has committed, her claim for "D.C. Tort Laws re: Wrongful Termination" should be dismissed as not satisfying the requirements of Federal Rule of Civil Procedure 8. Nevertheless, the Complaint fails to allege facts that state a claim for (1) wrongful discharge, (2) wrongful termination, and (3) D.C. False Claims Act.

### 1. Wrongful Discharge

The D.C. Court of Appeals recognized an intentional tort for wrongful discharge of an at-will employee under a "very narrow exception . . . when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation."   *Riggs v. Home Builders Inst*., 203 F. Supp. 2d 1, 5 (D.D.C. 2002).   Nwaneri has failed to allege any law she refused to violate so as to precipitate her discharge.   As a result, any claim for wrongful discharge should be dismissed.

### 2. Wrongful Termination

A claim for wrongful termination under District of Columbia law "will lie where a plaintiff identifies a public policy recognized as supporting such a claim and demonstrates a close fit between that policy and the conduct at issue in the allegedly wrongful termination."   *Dickerson v. D.C.*, 70 F. Supp. 3d 311, 322 (D.D.C. 2014) (quotations omitted) (alterations accepted).   That said, "the public policy prohibiting discrimination cannot ground a claim for wrongful termination, as this policy is vindicated by statues such as the D.C. Human Rights Act."   *Id*. at 323.   Thus, the Court should dismiss any claim for wrongful termination in violation of public policy.

### 3. D.C. False Claims Act

"To establish a D.C. False Claims Act retaliation claim, a plaintiff must show (1) that he or she engaged in protected activity, (2) that the defendant had knowledge that the plaintiff engaged in such protected activity, (3) that the defendant terminated the plaintiff's employment, and (4) that there was a causal connection between the protected activity and the defendant's termination of the plaintiff's employment."   *Payne v. District of Columbia*, 773 F. Supp. 2d 89, 97 (D.D.C. 2011).   Nwaneri has failed to allege that she engaged in "protected activity," which must include "investigating matters that reasonably could lead to a viable False Claims Act case."   *Id*.

**D.      Nwaneri Fails to Allege Facts that State a Claim For Civil Conspiracy**

To state a claim for civil conspiracy, Nwaneri must allege:   "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme."   *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983) (citations omitted).

The District of Columbia does not recognize civil conspiracy as an independent tort action. *See Mpoy v. Fenty*, 870 F. Supp. 2d 173, 183 (D.D.C. 2012) (explaining that, in D.C., "there is no recognized independent tort action for civil conspiracy") (alterations accepted) (internal quotations omitted).   "Civil conspiracy depends on performance of some underlying tortious act. . . . it is a means for establishing vicarious liability for [an] underlying tort."   *Id.* (internal formatting omitted).   Assuming Nwaneri meant to bring this claim as a civil conspiracy to wrongful discharge, wrongful termination, or D.C. False Claims Act,[16] she has failed to allege facts in support of any of these claims, as discussed above.

Besides failing to allege any underlying tort, Nwaneri identifies no cognizable co-conspirators.   Nwaneri makes allegations only against Quinn Emanuel partners and employees. However, the intracorporate conspiracy doctrine provides that "[a]n agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy."   *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017); *see also Exec. Sandwich Shoppe*,

---

[16]   It is not clear from the Complaint what allegations Nwaneri intends to support her claim for civil conspiracy.   However, to the extent her claims are premised on statutory causes of action, the District of Columbia Court of Appeals has expressed skepticism as to whether statutory violations can support liability for a civil conspiracy.   *See Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 739 (D.C. 2000) (taking "note [of] authority which suggests that a claim of civil conspiracy does not lie for violation of a statute such as the DCHRA").

749 A.2d at 739 (internal formatting omitted) (explaining that the intracoroporate conspiracy doctrine states that "a corporation cannot conspire with its employees, and its employees, when acting within the scope of their employment, cannot conspire among themselves."). Thus, even if her claim were premised on valid tort claims, Nwaneri's conspiracy claim fails at the first element, and should be dismissed.

## CONCLUSION

Each of Nwaneri's claims is due to be dismissed as either time-barred, failing to state a claim, or both. For these reasons, the Complaint should be dismissed with prejudice in its entirety.

Dated:   September 6, 2019                    **QUINN EMANUEL URQUHART**

_____
Richard Smith
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
richardsmith@quinnemanuel.com

Sara C. Clark (*pro hac vice application pending*)
711 Louisiana St., Suite 500
Houston, Texas 77002
(713) 221-7000
saraclark@quinnemanuel.com

*Attorneys for Defendant*

# Exhibit 1

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Crystal Nwaneri**<br>**916 Harrison Circle**<br>**Alexandria, VA 22304** | From: **Washington Field Office**<br>**131 M Street, N.E.**<br>**Suite 4NW02F**<br>**Washington, DC 20507** |

|   | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **570-2017-00943** | **Alan W. Anderson,**<br>**Deputy Director** | **(202) 419-0756** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   |   |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**Mindy E. Weinstein,**
**Acting Director**

JAN 3 0 2018

(Date Mailed)

Enclosures(s)

cc: **Jon D. Corey**
**Counsel**
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
**777 Sixth Street, N.W.**
**11th Floor**
**Washington, DC 20001**

JAN 3 0 2018

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS — Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS — Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION — Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE — All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Case 1:19-cv-01540-TNM   Document 13-2   Filed 09/06/19   Page 42 of 42

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CRYSTAL B. NWANERI**,

       Plaintiff,

    v.

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

       Defendant.

Civil Action No. 1:19-cv-1540

### [PROPOSED] ORDER GRANTING MOTION TO DISMISS

Upon consideration of the Motion to Dismiss by Defendant Quinn Emanuel Urquhart &
Sullivan, LLP ("Quinn Emanuel"), and the materials submitted in support of that Motion, the Court
has determined that Quinn Emanuel's Motion to Dismiss should be, and hereby is, GRANTED,
and it is hereby ORDERED that all claims are dismissed with prejudice.

Dated: _____, 2019

_____
Honorable Judge Trevor N. McFadden
United States District Judge