UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CRYSTAL B. NWANERI**,<br><br>    Plaintiff,<br><br>    v.<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**,<br><br>    Defendant. | Case No. 1:19-cv-01540 (TNM) |

**ORDER**

On November 20, 2019, the Court granted Defendant's motion to dismiss as conceded under Local Civil Rule 7(b). ECF No. 19. The Court had directed Plaintiff to respond to the motion by November 7, but no response was forthcoming. On November 21, the Court received Plaintiff's opposition to the motion to dismiss. Plaintiff then moved for the Court to docket her opposition. ECF No. 20. The motion asserts that Plaintiff's opposition "was filed and time-stamped at 12:34 a.m. on November 8." *Id.* at 1. The Clerk's office notified Plaintiff that it had not received the opposition, so Plaintiff hand-delivered it on November 21. *Id.* A stamp on the opposition indicates that it was received in the *D.C. Circuit's* filing repository on November 8 at 12:34 a.m.

So at best, Plaintiff filed her opposition a day late and in the wrong place. The Court nonetheless finds that it is in the interests of justice to reopen the case, grant Plaintiff leave to file her opposition, and resolve the motion to dismiss after Defendant has had a chance to reply. The fiat order granting Plaintiff leave to file her opposition will appear as a separate entry on the docket. That order moots the Plaintiff's motion to docket her opposition. The Court also now

enters an order regarding Defendant's request for clarification in its [16] Response to Plaintiff's Notice.  Therefore, it is hereby

**ORDERED** that the Clerk of the Court shall reopen this case; it is further

**ORDERED** that the Court's [19] Order is VACATED; it is further

**ORDERED** that Plaintiff's [20] Motion for Docketing is DENIED AS MOOT; it is further

**ORDERED** that Defendant shall file its reply, if any, on or before December 20, 2019; it is further

**ORDERED** that there shall be no further briefing from the parties on the [10] Motion to Dismiss, other than Defendant's reply, unless otherwise ordered by the Court; it is further

**ORDERED** that Defendant shall resend all prior filings to Plaintiff by mail, without restricted delivery or a signature requirement.  With respect to any mandatory conference requirements, Defendant shall continue to communicate with Plaintiff by phone or email, and Plaintiff shall promptly confer with Defendant and otherwise abide by the Local Civil Rules of this Court.

**SO ORDERED**.

Dated: December 4, 2019                                          TREVOR N. McFADDEN, U.S.D.J.