## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CRYSTAL B. NWANERI,

*Plaintiff,*

v.

QUINN EMANUEL URQUHART & SULLIVAN LLP,
WILLIAM BURCK,
DEREK SHAFFER, and
JON COREY,

*Defendants.*

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC

2020 OCT 30  A 12: 53

Civ. No. 1:19-cv-01540 (DDC)  *TNM*
**Demand for Jury Trial**



## PLAINTIFF'S NOTICE OF, AND REQUESTED RELIEF FROM, PROCEDURAL ERRORS AND RULE VIOLATIONS IN DEFENDANTS' MOTION TO DISMISS

Plaintiff hereby notifies the Court of several rule violations and procedural issues related to

Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on October 5, 2020 by attorney

Richard Smith.  Smith's motion violated various rules governing practice before the court, including

the Federal Rules of Civil Procedure, this Court's Standing Order, and the Rules of the United States

District Court for the District of Columbia ("Local Rules"), including that:

    a.  Smith hastily filed the motion purportedly on behalf of the individual defendants who had not yet been served with the summons or the First Amended Complaint and whom Smith had neglected to enter any an appearance for (which he failed to do until weeks after the Oct. 5 filing);

    b.  Quinn Emanuel and its employees (including Smith) thwarted the U.S. Marshal's attempt to effect service of the summons and First Amended Complaint on the individual defendants on October 19 and 20, 2020 by claiming to accept service on the defendants' behalf without receiving and/or filing the necessary waivers or authorizations establishing that the individual defendants had consented to such service; and

    c.  The Oct. 5 motion contains extensive allegations outside the pleadings, which are not only false and misleading, but also impermissible under Fed. R. Civ. P. 12(b)(6).  The format and contents of Defendants' motion to dismiss also violate several of the Local Rules and this Court's Standing Order regarding motions generally, and requirements for motions to dismiss specifically (especially those that include allegations outside the pleadings, such as Defendants' Oct. 5 motion).  In particular, Defendants' motion fails to comply with the Court's explicit directives that such motions comport with the Court's requirements for summary judgment motions, thereby hindering Plaintiff's ability to format her opposition in the manner required by the Court's Standing Order.

1

These issues and deficiencies may not have been apparent when the Court issued its orders of September 25, 2020 (directing Defendants to respond to the Amended Complaint by November 23) and of October 6, 2020 (directing Plaintiff to respond to Defendants' Oct. 5 motion by November 5); however, they require resolution before Plaintiff can properly respond to Defendants' Oct. 5 motion and before the Court can rule on the dispositive motion. As explained below, Plaintiff requests that the Court modify its orders to allow sufficient time for service of process on the individual defendants to be perfected (or confirmed by Smith's filing of the required waivers and/or authorizations), and for Defendants to re-file their lengthy motion in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order (or to provide sufficient time for Plaintiff to fully and properly respond to the Oct. 5 motion in accordance with the Local Rules and in the manner prescribed by Court's Standing Order, including addressing the excessive number of extrinsic and false allegations Defendants reference throughout the motion).[1] Given the number and scope of the issues raised, Plaintiff also requests the Court's permission to file a memorandum in opposition that exceeds the 45-page limit set by the Local Rules and the Court's Standing Order.

I.    BACKGROUND

The Court's September 25, 2020 order directed Quinn Emanuel to respond to Plaintiff's First Amended Complaint by November 23 and directed the clerk to issue summonses to individual defendants William Burck, Derek Shaffer, and Jon Corey at Quinn Emanuel's office in Washington, D.C. Less than two weeks later, on October 5, 2020, Smith filed a 57-page motion to dismiss (and an additional 40 pages of exhibits) purportedly on behalf of all defendants, even though: (a) Smith had

---

[1] In addition, Plaintiff's ability to address the multiple issues and problems raised by Defendants' Oct. 5 motion to dismiss has been especially limited over the last week. Last week, Plaintiff suffered the loss of a close family member (specifically, the unexpected passing of her aunt last Thursday) and has been occupied since then with funeral arrangements and other family obligations (in addition to her usual full-time responsibilities of caring for and homeschooling her three young children during the COVID-19 pandemic).

not entered any appearance on behalf of any of the individual defendants; (b) the clerk had not yet issued any summonses for the individual defendants; and (c) the U.S. Marshal Service ("USMS") had not yet made any attempt to serve the individual defendants[2].

Smith neglected to enter an appearance for the individuals purportedly represented in his Oct. 5 filing until 10 days later, when he finally filed a pro forma notice of appearance on October 15, 2020.

Smith and Defendants' unusual handling of the amended complaint and Oct. 5 motion continued when the U.S. Marshal Service attempted to serve Defendants Burck, Shaffer, and Corey with the summons and amended complaint on October 19, 2020.  Quinn Emanuel employees, including Smith, thwarted the USMS from properly executed service on the individual defendants by improperly accepting service of process without the necessary waivers, designations, or authorizations required for service of summonses.  According to the Process Receipts, the USMS "personally served" the summonses for Defendants Burck and Shaffer to a Quinn Emanuel employee identified as Kevin McGinnis, an "Operations Manager."  *See* Exhibit A (Process Receipt and Return for Burck) and Exhibit B (Process Receipt and Return for Shaffer).  Per Defendant Corey's Process Receipt, the USMS also tried to deliver Corey's documents to McGinnis on October 19 but were told that Corey "no longer works at the law firm."  *See* Exhibit C (Process Receipt and Return for Corey).  The next day, Smith reached out to the USMS and claimed to accept service on Corey's behalf, requesting that the documents be emailed to Smith.  As such, Corey's Process Receipt states that the USMS "executed service as shown in 'Remarks'" on October 20, 2020.  See Ex. C (stating "Richard Smith contacted [the U.S. Marshal] and stated he is representing Jon Corey.  He requested the documents via email (richardsmith@quinnemanuel.com). Documents provided via email.").

---

[2] According to the docket, the clerk issued the individual defendants' summonses on October 9, 2020, and the U.S. Marshal Service acknowledged receipt of the process for service on October 13, 2020.

II.     ISSUES

The highly irregular circumstances surrounding Smith's asynchronous filing of the October 5 motion (i.e., hastily filing the motion before entering any appearance for the individual defendants and before the clerk had even prepared the summonses to be served) are emblematic of Quinn Emanuel's typical response to Plaintiff's criticisms and/or complaints about Defendants' wrongful conduct.  As detailed in Plaintiff's First Amended Complaint, Quinn Emanuel has repeatedly responded in a fast and furious rage when confronted with accusations of wrongdoing (e.g., Defendants' initiating lawsuit against Plaintiff's father-in-law for negligible fee dispute just 3 days after receiving Plaintiff's EEOC charge).

Defendants' frenzied filing of its October 5 motion is more of the same.  The Court's September 25 order provided 60 days for Quinn Emanuel to respond to Plaintiff's amended complaint, but Defendants frantically prepared a nearly 60-page document (claiming to respond on behalf of Quinn Emanuel and the individual defendants) that Smith filed less than two weeks later—before the summonses were prepared or any of the individual defendants served—meanwhile neglecting to submit the required 1-page entry of appearance and making various other blunders and rule violations, as discussed below.

### A. Smith Filed Oct. 5 Motion On Behalf of Parties He Did Not Represent and For Whom Had Not Filed Entry of Appearance

First, Smith's filing of the Oct. 5 motion to dismiss on behalf of the individual defendants before entering an appearance on their behalf was a clear violation of the Local Rules.  As Defendants are fully aware, the Local Rules require attorneys to enter appearances in civil actions before making representations or filings on behalf of any client.  *See, e.g.,* LCvR 83.2(h) (requiring entry of appearances in civil actions pursuant to LCvR 83.6).  Local Rule 83.6(a) provides that "an attorney eligible to appear may enter an appearance in a civil action by signing any pleading described in Fed.

4

R. Civ. P. 7(a), or by filing a written notice of entry of an appearance listing the attorney's correct address, telephone number and bar identification number."

Defendants' Oct. 5 motion to dismiss was not a pleading as defined by Rule 7(a) of the Federal Rules of Civil Procedure, so he was simply required to file a written notice of appearance on behalf of the individual defendants before, or contemporaneous with, the motion that purportedly represented their grounds for dismissal of the amended complaint. Despite this obvious and simple obligation, Smith rushed to file Defendants' Oct. 5 motion but neglected to enter the required notice of appearance on behalf of the individual defendants until ten days later on October 15.

**B.  Quinn Emanuel and Smith's Interference with Individual Defendants' Service of Process**

Second, Smith and Quinn Emanuel thwarted the U.S. Marshal's attempts to properly execute service of process on the individual defendants by improperly accepting service of process without authorization on October 19 and 20, 2020. While McGinnis, the Operations Manager at Quinn Emanuel, may not be aware of Fed. R. Civ. P. 4's requirements for service of process, Smith and Quinn Emanuel—the self-described "premier" litigation firm—are fully aware that the service attempted on October 19 and 20 was ineffective unless the individual defendants authorized McGinnis and Smith to receive service on their behalf under Rule 4(e)(2)(C). To Plaintiff's knowledge, neither Smith nor McGinnis have been designated by law or by any of the individual defendants to accept service of process on their behalf.

As Defendants know, summonses must be served in accordance with Fed. R. Civ. P. 4 and such service is so fundamental to this Court's exercise of jurisdiction over any defendant that it must be perfected before any matter can proceed. *See, e.g., Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void."). Rule 4 requires that summonses be served on individuals by either: (1) "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made"; or (2) "doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

With respect to Rule 4(e)(1)'s provisions regarding service under the applicable state law, D.C.'s civil procedure requirements for service of summons is identical to those of Fed. R. Civ. P. 4. *See* D.C. R. Civ. P. 4. In addition, D.C. state law requires domestic limited liability partnerships, such as Defendant Quinn Emanuel, to designate and maintain a registered agent in D.C. to receive service for corporate entities. *See* D.C. Code § 29-104.02(2). According to the District of Columbia's Registered Agents Listings, Quinn Emanuel's designated registered agent is "Michael Lyle, 1300 I Street, NW, Suite 900, Washington, D.C. 20005." However, process was not served on Lyle for any of the defendants.

The USMS's service attempts on October 19 and 20 also fell short of Rule 4(e)(2)'s requirements. Although serving an individual may be accomplished by leaving the document with a person of suitable age at the individual's home under Rule 4(e)(2)(B), no such allowance is made for serving an individual at their place of employment. Here, the only attempt at in-person service was made at the office of Quinn Emanuel in Washington, D.C., where the USMS gave the summons and related documents for Defendants Burck and Shaffer to McGinnis on October 19, 2020. But service at the place of employment for these defendants would still require in-person delivery under Rule 4(e)(2)(A), or to a designated recipient under Rule 4(e)(2)(C) (which McGinnis is not for Defendant Burck or Shaffer, to Plaintiff's knowledge).

Likewise, Plaintiff is not aware of any authorization provided by Defendant Corey for Smith to receive process on his behalf, as Smith purported to do on October 20, 2020. Nor has Smith

provided any confirmation, waiver, or other authorization stating that he was capable of receiving service of process on Corey's behalf via an electronic mailing to Smith.  Nonetheless, according to Corey's Process Receipt, the USMS "served" Corey by emailing the documents to Smith at Smith's request on October 20, 2020. See Ex. C. But, like McGinnis, Smith was incapable of receiving service of process on Defendant Corey's behalf under Rule 4 (unless Corey waived in-person service and/or designated Smith as an agent for purposes of service of process, neither of which occurred here to Plaintiff's knowledge).

While any of these defendants could have waived in-person service or designated anyone to accept service on their behalf under Fed. R. Civ. P. 4(e)(2)(C), Smith has not filed any such waiver or other authorization confirming that any of the individual defendants designated him or McGinnis for that purpose.  To the contrary, Smith has only filed the 1-page notice of appearance dated October 15, which does not constitute the waiver or authorization for service of process contemplated by Rule 4.

### C.  Failures to Comply with Court's Standing Order and Local Rules

As Plaintiff's opposition papers will discuss in detail, Defendants' Oct. 5 motion flagrantly violates Fed. R. Civ. P. 12(b)(6) by including an unprecedented number of impermissible (and untrue) allegations that are not found anywhere in the pleadings.  While the motion masquerades as a Rule 12(b)(6) motion to dismiss, in reality, it is a shameless effort to smear and falsely malign Plaintiff, deflect from the allegations of the First Amended Complaint, and improperly prejudice this Court.

Beyond Defendants' blatant violations of the Federal Rules of Civil Procedure, Smith's Oct. 5 motion also violates the Court's Standing Order in several respects.  Defendants' motion unabashedly ignores this Court's requirements for motions to dismiss as set forth in the Standing Order.  Specifically, Directive 12(a) of the Standing Order states explicitly that "if a motion to dismiss presents matters outside the pleadings, all parties must comply fully with the instructions set forth below regarding motions for summary judgment."  As mentioned earlier (and to be discussed further in

Plaintiff's filed opposition to the Oct. 5 motion), throughout Defendants' motion, they flagrantly subvert the standard for Rule 12(b)(6) motions to dismiss by including an astonishing number of allegations that are not contained anywhere in the pleadings. As such, Defendants were required to comply with the summary judgment instructions, as per Directive 12(a) of the Standing Order.

The Court's requirements for summary judgement motions are found in Directive 13, which provides, in relevant part, that (i) "each party submitting a motion for summary judgment attach a statement of material facts that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement" (to which the opposing party must submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require a trial); (ii) "the parties must furnish **precise citations** to the portions of the record on which they rely"; (iii) "the moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute" and "must contain **only one factual assertion in each numbered paragraph**".

Smith's Oct. 5 motion to dismiss is replete with allegations and matters outside the pleadings (including 40 pages of additional exhibits attached to the motion), but Smith makes no effort to comply with any of the Standing Order's directives regarding motions to dismiss and motions for summary judgment. None of the allegations are presented as a statement of material facts, and none contain precise citation to the record (in fact, none of the purported citations to the amended complaint support the propositions made in the motion). None of these "facts" are numbered or limited to one factual assertion per paragraph. Instead, the motion's statement of "facts" ramble on for 10 pages with allegations that are not only false but also bear no relation to the pleadings or the allegations of the amended complaint. Furthermore, Defendant's reliance on matters outside the pleadings are not limited to the "facts" section; the motion presents other extraneous, damaging, and false allegations

throughout the 57-page document.  This format makes it nearly impossible for Plaintiff to comply with the Standing Order's directives regarding the oppositions to such a motion (i.e., to "respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied," Directive 13(B)(iv), and to "include any information relevant to its response it its correspondingly numbered paragraph, with specific citations to the record," id. at 13(b)(vi)).

Defendants' failure to comply with these standards (by including false misrepresentations not only in it its statement of facts but also with their false assertions strewn throughout the motion) puts Plaintiff at a distinct disadvantage, particularly as the Standing Order states that "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such facts are controverted in the statement filed in opposition to the motion."  Directive 12(B)(v).

To the extent that the Court converts Defendants' motion into one for summary judgment, Plaintiff is entitled to a "reasonable opportunity" to prepare a responsive motion with accompanying documentation.  Fed. R. Civ. P. 12(d).

III.    CONCLUSION

As discussed, Smith's Oct. 5 motion to dismiss was filed in violation of the Federal Rules of Civil Procedure, the Court's Standing Order, and the Local Rules, including Defendants' excessive and egregious inclusion of matters outside the pleadings (which are not only false and misleading, but also not properly considered on a Rule 12(b)(6) motion to dismiss), the outstanding service of process issues and asynchronous filing of the Oct. 5 motion, and Defendants' complete refusal to follow the Standing Order's requirements with respect to format and contents of motions.  Defendants' errors and deficiencies have hindered Plaintiff's ability to fully respond to the lengthy motion's factual and

legal allegations in the manner required by the Court's Standing Order by the timeline set forth in the

Court's October 6 order.[3]

Accordingly, Plaintiff requests that the Court:

(1) Declare Smith's October 5, 2020 motion to dismiss a nullity with respect to the individual defendants in light of Smith's later-filed entry of appearance on behalf of those individuals;

(2) Direct Smith to file the required designations and/or waivers of each individual defendant establishing that McGinnis and Smith were duly authorized to accept the service of process attempted by the USMS on October 19 and 20, 2020[4];

(3) Reinstate the initial schedule contemplated by the Court in the order dated September 25, 2020 and modify the order dated October 6, 2020 accordingly, which would allow sufficient time for the resolution of the above issues and put the case on the schedule originally contemplated by the Court in its Sept. 25 order; and

(4) Permit Plaintiff to file a memorandum in opposition to Defendants' motion to dismiss that exceeds the 45-page limit for papers provided for by the Local Rules and the Court's Standing Order.

November 3, 2020                                    Respectfully submitted,


By:  _____

Plaintiff Pro Se, proceeding *in forma pauperis*

---

[3] As required by Local Rule 7(m), Plaintiff contacted Defendant to discuss these issues but did not receive a response.  Should Smith respond to Plaintiff's telephone or email communications with Defendants' position on these issues, Plaintiff will update the Court accordingly.

[4] Specifically, Plaintiff requests that Smith file:
   (a) written designations from Defendants Burck and Shaffer authorizing service of process in the manner stated on their respective Process Receipts dated October 20, 2020 (i.e., a signed waiver of in-person service and/or designation for Quinn Emanuel's Operations Manager, Kevin McGinnis, to receive process on each defendant's behalf), and
   (b) written designation from Defendant Corey authorizing service of process in the manner stated on his Process Receipt dated October 21, 2020 (i.e., a signed waiver of in-person service and/or designation for Smith to receive service of process on his behalf), and written acknowledgement that Smith was authorized to waive in-person service in favor and receive service by electronic mail.

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2020, I mailed the foregoing motion to Defendant
Quinn Emanuel Urquhart & Sullivan, LLP at:

Richard C. Smith
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW, Floor 9
Washington, DC 20005


Respectfully submitted,

By:    _____

Plaintiff Pro Se, proceeding *in forma pauperis*