UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CRYSTAL B. NWANERI**,

           Plaintiff,

           v.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP,** *et al.*,

           Defendants.

Case No. 19-cv-01540 (TNM)

## MEMORANDUM OPINION

In her amended complaint, Crystal Nwaneri sues Quinn Emanuel Urquhart & Sullivan, LLP, William Burck, Derek Shaffer, and Jon Corey—collectively, "the Defendants"—for employment discrimination and related claims. Pending before the Court is the Defendants' motion to dismiss. *See* Defs.' Mot. to Dismiss Am. Compl. ("Defs.' Mot."), ECF No. 29. For the reasons stated below, however, the case will be dismissed without prejudice for Nwaneri's failure to prosecute, and the motion to dismiss will be denied as moot. Also pending before the Court is Nwaneri's Notice of Procedural Errors and Rule Violations ("Pl.'s Notice"), ECF No. 37, which has been held in partial abeyance. Her requests for relief will be denied.

**I.**

Nwaneri began this employment discrimination and tort-based lawsuit in May 2019. *See* Compl., ECF No. 1. Her former employer and the original sole defendant, Quinn Emanuel, moved to dismiss. *See* Def.'s First Mot. to Dismiss ("Def.'s First MTD"), ECF No. 10. The Court directed Nwaneri to file a response to the motion by October 9, 2019, and advised that if she failed to respond, the Court could treat the motion as conceded and dismiss the case. *See*

9/9/2019 Order, ECF No. 11 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)).  No response was filed by the deadline.

Instead, on October 23, Nwaneri requested an extension, raising many service issues.  *See* Pl.'s Notice of Def.'s Failure to Effect Service, ECF No. 14.  These purported service issues, however, were largely created by Nwaneri's failure to comply with Local Civil Rules ("LCvR") 5.1 and 11.1; both Quinn Emanuel and the Court have, at times, received mail returned as undeliverable from Nwaneri's address of record.[1]  *See*, *e.g.*, Def.'s Notice of Inability to Serve at 1–3, ECF No. 13 (chronicling problems with service of process and communication with Nwaneri); Def.'s Resp. to Pl.'s Notice at 3–5, ECF No. 16 (same); 11/18/2019 Mail Returned to Court as Undeliverable, ECF No. 17.[2]  Nwaneri objected to attempts to execute and obtain proof of service by certified/restricted first-class mail and email, based on her belief that such attempts were meant to "harass" her.  *See* Pl.'s Notice of Def.'s Failure to Effect Service at 1.  Although Nwaneri acknowledged receipt of the Court's *Fox* Order with the relevant response deadline, she failed to inform the Court why her request for an extension—or her efforts to notify the Court of the purported insufficient service—was delayed.  *See id.* at 4.

Even so, the Court granted Nwaneri's request for an extension.  The Court directed her to respond to Quinn Emanuel's motion by a new deadline of November 7, 2019.  *See* 10/30/2019 Min. Order.  She was again advised of the potential repercussions if she failed to respond.  *See id*.  No response was filed by the extended deadline.  On November 19, Quinn Emanuel filed a Motion for Judgment ("Mot. for J."), ECF No. 18.  The Court granted Quinn Emanuel's motion

---

[1] Many of Nwaneri's filings, including the pending Notice of Procedural Errors and Rule Violations, disregard Fed. R. Civ. P. 11(a), compounding the ability of the Court or the Defendants to serve or formally communicate with her.

[2] All page citations are to the page numbers that the CM/ECF system generates.

to dismiss as conceded under LCvR 7(b), rendering its motion for judgment moot. *See* 11/20/2019 Order, ECF No. 19.

On November 21, the Court received Nwaneri's late-filed opposition ("Pl.'s Opp'n"), ECF No. 21. Nwaneri also moved for the Court to accept the late filing. Docketing Mot., ECF No. 20. That motion suggested that Nwaneri likely filed her opposition a day late and with the wrong court. *See* Docketing Mot. Ex. A at 2, ECF No. 20-1 (date stamped by the U.S. Court of Appeals for the D.C. Circuit). This Court, though, reopened the case in the interest of justice and granted Nwaneri leave to file her late opposition. *See* 12/4/2019 Order, ECF No. 22. Quinn Emanuel replied on December 20. Def.'s Reply to Opp'n ("Def.'s First Reply"), ECF No. 23.

Within her opposition, Nwaneri raised many new facts. *See, e.g.*, Pl.'s Opp'n at 3–9. She requested that the Court accept these new facts and alternatively asked to amend her complaint. *Id.* at 36–38. At that time, the case had been pending for over six months and not once before motions briefing did Nwaneri amend her complaint as a matter of course or later seek leave to amend. But the Court denied Quinn Emanuel's motion to dismiss in part as it related to untimely service of process and granted Nwaneri's request to file an amended complaint. *See* 8/10/2020 Order, ECF No. 25. Nwaneri was then ordered to file an amended complaint on or before September 10, 2020. The Court warned Nwaneri that failure to adhere to this deadline could lead the Court to rule on the rest of Quinn Emanuel's motion and refuse further attempts by Nwaneri to amend her complaint. *Id.*

Even so, Nwaneri filed an amended complaint eight days after the deadline. Am. Compl., ECF No. 27. The Court granted Nwaneri's Motion for an Extension of Time, *nunc pro*

3

*tunc* ("Pl.'s Extension Mot."), ECF No. 26, to file the late amended complaint,[3] and the amended complaint was deemed operative, *see* 9/25/2020 Order at 3, ECF No. 28. Nwaneri asserted that she received the Court's August 10 Order and other mailings late because of COVID-19 mail delays, although the pattern of missed deadlines began before the onset of the pandemic. *See id.* at 2. For its part, Quinn Emanuel has consistently certified that it has sent copies of its filings and the Court's orders and tried to contact Nwaneri by email. *See, e.g.*, Notice of Appearance on Behalf of Quinn Emanuel, ECF No. 7 at 2; LCvR 26.1 Statement at 3, ECF No. 8; Pro Hac Vice Motion at 3, ECF No. 9; Def.'s First MTD at 10 n.2; Def.'s Notice of Inability to Serve at 3 & n.1, 4; Def.'s Resp. to Pl.'s Notice at 12; Mot. for J. at 6; Def.'s First Reply at 9 n.3, 24.

The Court then ordered Quinn Emanuel to respond to the amended complaint by November 23. 9/25/2020 Order at 3. Because the amended complaint sued three new individual defendants—Burck, Shaffer, and Corey—the Court also ordered the Clerk of Court to issue summonses and to cause service to be effected on them by the U.S. Marshals Service ("USMS"). *See id.*; *see also* 28 U.S.C. § 1915(d).

On October 5, the Defendants" filed the pending motion to dismiss. Defs.' Mot. at 11. The Court advised Nwaneri to respond to the Defendants' motion by November 5, or the Court could treat the motion as conceded and dismiss the amended complaint. 10/6/2020 Order, ECF No. 30.

Instead of filing an opposition, Nwaneri filed the pending Notice of Procedural Errors and Rule Violations. *See* Pl.'s Notice. Two days later, the Defendants responded and requested

---

[3] Nwaneri also requested CM/ECF access, *see* Pl.'s Extension Mot. at 2, but relief was denied without prejudice because she disregarded LCvR 5.4(b)(2), *see* 9/25/2020 Order at 2–3. She has since filed a corrected request, which the Court granted.

that the Court grant its motion to dismiss.  Defs.' Resp. to Pl.'s Notice ("Defs.' Notice Resp.") at 1–2, ECF No. 38.

The Court construed Nwaneri's Notice of Procedural Errors and Rule Violations as, in part, a request for an extension of time.  So the Court granted Nwaneri another extension to respond to the Defendants' motion to dismiss.  *See* 11/6/2020 Min. Order.  Nwaneri was ordered to file an opposition by November 27, and she was advised that "further requests for an extension of time will be disfavored."  *Id.*  The Court held the rest of Nwaneri's Notice of Procedural Errors and Rule Violations in abeyance except for her request to expand the page limit for her forthcoming opposition, which the Court denied.  *Id.*

The November 27 deadline passed and again, no opposition was filed.  On December 14, the Defendants filed a timely reply in support of their motion to dismiss.  Defs.' Reply in Supp. of Mot. to Dismiss ("Defs.' Reply"), ECF No. 39.  On December 28—more than a month past the deadline—Nwaneri renewed her request to file an opposition in excess of the 45-page limit.  Pl.'s Mot. for Leave to File in Excess of 45-Page Limit ("Pl.'s Mot. for Leave"), ECF No. 41.  In the same filing, she included "the first 45-pages" of her opposition.  *Id.* at 6.

**II.**

The Court considers (A) whether Nwaneri's amended complaint should be dismissed for failure to prosecute and (B) Nwaneri's Notice of Procedural Errors and Rule Violations.

**A.**

The Defendants argue that Nwaneri's complaint should be dismissed for failure to state a claim; they also raise her failure to prosecute as a ground for dismissal.  *See* Defs.' Mot. at 14, 20–21; Defs.' Notice Resp. at 1–2; Defs.' Reply at 3–4.  As explained below, the Court determines (1) that dismissal is appropriate here because of Nwaneri's failure to prosecute and

(2) that Nwaneri's late-filed motion to expand the page limit for her opposition does not change this outcome.

**1.**

Under Local Civil Rule 83.23, "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." LCvR 83.23; *see also Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962))). Federal Rule of Civil Procedure 41(b) similarly states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause," *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam), particularly when "the plaintiff has been previously warned that [she] must act with more diligence, or if [she] has failed to obey the rules or court orders," *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (cleaned up).

Courts have long recognized the authority to dismiss for failure to prosecute as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link*, 370 U.S. at 629–30. Although dismissal for failure to prosecute is a "harsh sanction . . . ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs," *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (cleaned up), it is warranted "when lesser sanctions would not serve the interest of justice," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

More, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff receives some latitude in prosecuting her case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (cleaned up).

And although Nwaneri is proceeding *pro se*, she is an experienced attorney, *see, e.g.*, Am. Compl. ¶¶ 5, 27; Am. Compl. Ex. 1 ¶¶ 5–7, ECF No. 27-1, and is "presumed to have knowledge of the legal system," *Lempert v. Power*, 45 F. Supp. 3d 79, 81 n.2 (D.D.C. 2014). "As a result, [she] is not entitled to the same level of solicitude often afforded non-attorney litigants proceeding without legal representation." *Id.*; *see also Bristol Petroleum*, 901 F.2d at 165–68 (affirming dismissal of a complaint with prejudice for "failure to file on time" and "a pattern of negligent or willful disregard of court orders" when the plaintiff was "a law-trained individual" who "can be presumed to have some acquaintance with the rules of the judicial process and the consequences risked by their infringement"); *Mann v. Castiel*, 681 F.3d 368, 377 (D.C. Cir. 2012) (affirming dismissal of *pro se* litigants' claim in part because they appeared to be "businessmen with extensive litigation experience, one of whom had formal legal training"); *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009) (stating that an attorney proceeding *pro se* is "not automatically subject to the very liberal standards afforded to a non-attorney *pro se* plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the court" (cleaned up)).

Nwaneri's habitual lack of diligence and refusal to abide by this Court's deadlines warrants dismissal. As shown by this case's procedural history detailed above, Nwaneri has

7

exhibited a pattern of disregarding the Local and Federal Rules of Civil Procedure and this Court's orders. The Court has granted Nwaneri multiple extensions, forgiven late filings, allowed her to amend the complaint and add defendants, and even fully reopened the case. The Court has also warned Nwaneri many times of the consequences of ignoring the Court's deadlines and applicable rules.

Despite these clear warnings and ample opportunities, Nwaneri continues to ignore deadlines and formal requirements. She has "not manifested reasonable diligence in pursuing" this matter. *Bomate*, 761 F.2d at 714. "[I]n light of the plaintiff's failure to file a timely response and in order to protect the integrity of the judicial system," *Allen*, 277 F.R.D. at 224, the Court will dismiss this matter for failure to prosecute. The Defendants' pending motion to dismiss will be denied as moot.

**2.**

Nwaneri's untimely motion for leave to file an opposition in excess of the 45-page limit does not alter the Court's decision. *See* Pl.'s Mot. for Leave. As an initial matter, Nwaneri does not include in this motion a request for an extension of time, *nunc pro tunc*, to file her opposition. Even if the Court were to construe the motion as raising that request, though, the outcome here would not change.

Federal Rule of Civil Procedure 6(b) provides that a "court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The D.C. Circuit has explained that "[e]xcusable neglect is an equitable concept that considers 'all relevant circumstances' surrounding the failure to act." *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In considering whether "excusable

neglect" has been shown, "the Court may consider the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay (including the movant's control, or lack thereof, with respect to the delay), and whether or not the movant acted in good faith." *Gov't Relations Inc. v. Howe*, No. 05-cv-1081 (CKK), 2007 WL 201264, at *4 (D.D.C. Jan. 24, 2007) (citing *Smith v. District of Columbia,* 430 F.3d 450, 457 n.5 (D.C.Cir.2005) and *Pioneer*, 507 U.S. at 388, 395). Fault is a critical factor in the analysis. *See Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) ("Courts have noted that fault in the delay is perhaps the most important single factor, while the prejudice factor is of relatively little importance." (cleaned up)).

Although her filing does not address Rule 6(b), the Court finds that Nwaneri's failure to timely file her opposition does not constitute "excusable neglect." Critically, Nwaneri has not shown good cause for the delay. *Cf. id.* (finding that the plaintiff had "failed to demonstrate excusable neglect" when "[o]n the key factor of fault, the plaintiff clearly had control over the events leading to the delay"). She acknowledges that her opposition was due November 27. Pl.'s Mot. for Leave at 1. Her filing suggests that extra time was needed to respond to the Defendants' motion to dismiss and states that she "made best efforts to comply with the Court's order." *Id.* at 2. But Nwaneri's filing does not explain why she did not at the very least seek an extension from the Court. More, the one-month delay in filing an opposition—in addition to the other delays throughout this litigation—has prevented this case from progressing and prejudices the Defendants.

Thus, the Court still concludes that dismissal for failure to prosecute is proper. *Cf. D.A. v. District of Columbia*, No. 07-cv-1084 (PLF/JMF), 2007 WL 4365452, at *2 (D.D.C. Dec. 6, 2007) ("A district court may exercise its discretion and decide not to consider a late-filed

response that falls short of the requirements of Rule 6(b) of the Federal Rules of Civil Procedure."), *report and recommendation adopted*, No. 07-cv-1084 (PLF/JMF), 2008 WL 11391183 (D.D.C. Jan. 8, 2008).  Nwaneri's pending motion for leave to file an opposition in excess of the 45-page limit will be denied as moot.

\*   \*   \*

The Defendants argue that this matter should be dismissed with prejudice.  *See* Defs.' Mot. at 55; Defs.' Reply at 3.  The Court acknowledges that Nwaneri's failure to meet most, if not all, of the original and extended filing deadlines has resulted in multiple delays, which have caused the Defendants to expend additional resources.  *See, e.g.*, Defs.' Mot. at 17 ("Nwaneri's studied, unwavering disregard for Court imposed deadlines and applicable rules has prejudiced and will continue to prejudice Defendants.").  The Court does not find, however, that the extreme sanction of dismissal with prejudice is warranted.  Despite Nwaneri's failure to adequately prosecute this case, the Court is mindful that less drastic sanctions are available.  *Cf. Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996) (directing the district court to "consider a less drastic" discovery sanction).  Nwaneri's case will therefore be dismissed without prejudice.[4]  *Cf. James v. Nationastar Mortg. LLC*, 323 F.R.D. 85, 87 (D.D.C. 2017) (explaining that "dismissal *without prejudice* may, at times, mitigate the severity of the [dismissal] sanction").

---

[4]  Such an outcome "is less Draconian than treating an unopposed motion to dismiss as conceded, as this Court's rules permit," and "it may even be less prejudicial than reaching the substance of a motion to dismiss without the benefit of any opposing argument, which will also typically result in a decision on the merits." *James*, 323 F.R.D. at 87.

**B.**

The Court next considers Nwaneri's Notice of Procedural Errors and Rule Violations. First, Nwaneri argues that Defendants' counsel, Richard Smith, failed to timely file an entry of appearance for the individual defendants—Burck, Shaffer, and Corey—and that the entry of appearance should have been filed along with the second motion to dismiss. *See* Pl.'s Notice at 4–5. Counsel instead entered an appearance for the individual defendants ten days later. *See id.* at 5; *see also* Notice of Appearance on Behalf of Individual Defs., ECF No. 32. Plaintiff cites Local Civil Rule 83.6(a)—which provides that "[a]n attorney eligible to appear may enter an appearance in a civil action by signing any pleading described in Fed. R. Civ. P. 7(a), or by filing a written notice of entry of an appearance listing the attorney's correct address, telephone number and bar identification number"—arguing that Rule 7(a) does not include motions to dismiss. *See* Pl.'s Notice at 5. As a result, she demands that the second motion to dismiss be declared "a nullity with respect to the individual defendants." *Id.* at 10.

While Nwaneri is correct that Smith entered his appearance on behalf of the individual defendants after filing the motion to dismiss on their behalf, this error is of no consequence and causes Nwaneri no prejudice. Smith, an attorney at Quinn Emanuel, has represented Quinn Emanuel here since September 2019. *See* Notice of Appearance on Behalf of Quinn Emanuel. The amended complaint raises individual claims against three attorneys associated with Quinn Emanuel. *See* Am. Compl. ¶¶ 24–26. Thus, it is no surprise that Smith, a Quinn Emanuel attorney who represents the firm, would also intend to represent the individual defendants.

The argument proposed by Nwaneri has been rejected in similar contexts. For example, in denying a motion to strike, another judge of this district explained:

> The plaintiff interprets Local Civil Rule 83.6 to mean that [defense counsel's] notice of appearance cancelled the effectiveness of his

11

> submission [in support of motion to dismiss] . . . . This argument, although creative, lacks merit for reasons needing little explanation. Nothing in Local Civil Rule 83.6 suggests that an attorney disappears before the court for filing a notice of appearance after filing signed submissions as the plaintiff contends. [Counsel] properly appeared in this case, and the plaintiff as well as the court had adequate notice of [counsel's] address, telephone number, and bar identification number, as required by the applicable rules. Accordingly, the court denies the plaintiff's motion to strike.

*Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190–91 (D.D.C. 2005) (citing Fed. R. Civ. P. 11(a) and LCvR 83.6). Smith has been involved in this matter and there is no question that he conveyed his intent to represent the individual defendants. He also formally signed the second motion to dismiss and provided his contact information, though plaintiff likely already possessed it. *See* Defs.' Mot. at 56.

Second, Nwaneri argues that the Defendants "thwarted the U.S. Marshal's attempt to effect service of the summons and First Amended Complaint on the individual defendants . . . by claiming to accept service on defendants' behalf without receiving and/or filing the necessary waivers or authorizations establishing that the individual defendants had consented to such service." Pl.'s Notice at 1. She asks the Court to "[d]irect Smith to file the required designations and/or waivers of each individual defendant establishing that [individuals at the firm] were duly authorized to accept the service of process attempted by the USMS on October 19 and 20, 2020." *Id.* at 10.

This argument misunderstands acceptance of service and waiver of any issues relating to service. "[W]hen a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *Mann*, 681 F.3d at 374 (cleaned up). Because all defendants, including the newly named individual defendants, filed a collective motion to dismiss—without raising any defective

service of process or similar defense—they submitted themselves to this Court's jurisdiction and waived formal service of process. *See* Fed. R. Civ. P. 12(h)(1). As correctly noted by the Defendants, doing so did not thwart any service efforts. *See* Defs.' Notice Resp. at 2–3. The Defendants' acceptance of service in fact benefitted Nwaneri. *See id.* As a result, Nwaneri's request in this regard is meritless.

Third, Nwaneri contends that the Defendants have violated the Court's standing order and the local rules. She argues that they filed a "lengthy motion" and seems to suggest that it improperly exceeds the "45-page limit set by the Local Rules and the Court's Standing Order." *Id.* at 2. In fact, the Defendants' memorandum in support of its second motion to dismiss totals 46 pages, though the final page includes just a signature block. *See* Defs.' Mot. at 46. The rest of the filing consists of 37 pages of exhibits, *see* ECF Nos. 29-1; 29-2; 29-3; 29-4; a title page, *see* Defs.' Mot. at 1; a table of contents, *see id.* at 2–4; and a table of authorities, *see id.* at 5–10. "The page limitation in Local Civil Rule 7(e) clearly refers to the 'memorandum' of law and does not encompass attached exhibits." *Taylor v. Mills*, 892 F. Supp. 2d 124, 135 n.16 (D.D.C. 2012); *see also* Standing Order ¶ 11(A), ECF No. 4 (stating that the 45-page limit applies to "[m]emoranda of points and authorities"). This same rationale applies to the tables of contents and authorities, which are not part of the memorandum and thus do not contribute to the total page calculation. The Defendants "did not run afoul of the 45-page limit in LCvR 7(e)," *Taylor*, 892 F. Supp. 2d at 135 n.16, aside from perhaps the offending signature block, which barely exceeds the 45-page limit and caused no prejudice to Nwaneri.

The Court notes that Nwaneri filed a 69-page amended complaint, consisting of 34 counts and accompanied by 12 pages of exhibits. *See* Am. Compl. It was therefore foreseeable that the Defendants would file a "lengthy" motion in response. This is true especially because in actions

brought by *pro se* plaintiffs, the Court considers "filings as a whole before dismissing a complaint" on the merits. *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)). More, the Court granted Nwaneri an extension to respond to the Defendants' motion. *See* 11/6/2020 Min. Order.

Nwaneri also suggests that the Defendants have improperly introduced information outside the pleadings. *See* Pl.'s Notice at 7. She states that "[w]hile the motion masquerades as a Rule 12(b)(6) motion to dismiss, in reality, it is a shameless effort to smear and falsely malign Plaintiff, deflect from the allegations of the First Amended Complaint, and improperly prejudice this Court." *Id.* Nwaneri contends that the motion violates "Directive 12(a) of the [Court's] Standing Order." *Id.*; *see also* Standing Order ¶ 12(A) (directing parties to comply with the instructions pertaining to motions for summary judgment "[i]f a motion to dismiss presents matters outside the pleadings"). She also asserts that the Defendants' "statement of 'facts' ramble on for 10 pages with allegations that are not only false but also bear no relation to the pleadings or the allegations of the amended complaint." *Id.* at 8. Nwaneri argues that the Defendants' "reliance on matters outside the pleadings are not limited to the 'facts' section; the motion presents other extraneous, damaging, and false allegations." *Id.* at 8–9. As a result, Nwaneri states that her "ability to fully respond" to the motion was "hindered." *Id.* at 9.

Even if the Defendants introduced information from outside the scope of the pleadings, "[t]he decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court." *Flynn v. Tiede-Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006). If the Court needed to rely on such information to resolve the Defendants' motion to dismiss, then converting the motion to dismiss into a motion for summary judgment would likely be appropriate. *Accord Bowe-Connor v. Shinseki*, 845 F. Supp. 2d 77, 86

(D.D.C. 2012) (converting a motion to dismiss into a motion for summary judgment when the Court had to "look outside the pleadings to resolve [the] defendant's motion to dismiss"). But because the Court is not considering the merits of the Defendants' motion, whether the Defendants' motion should be converted is now irrelevant.

In any event, it does not appear that the Defendants have introduced inappropriate information. Nwaneri does not pinpoint the information that she believes is improperly presented. Upon review, the Defendants discuss: Nwaneri's credentials and dates and details of hire; her assignments and work performance; and the timing and basis for her termination. *See, e.g.*, Defs.' Mot. at 12; 17–19. Nwaneri also discusses these topics throughout her complaint. *See, e.g.*, Am. Compl. at 1–8, 10–26. The Defendants discuss the underlying EEOC charge, administrative proceedings, and outcome. *See, e.g.*, Defs.' Mot. at 13–14. Likewise, Nwaneri discusses those topics and attaches the EEOC charge as an exhibit to her complaint. *See, e.g.*, Am. Compl. at 7–8, 18, 23, 31–33; Am. Compl. Ex. 1.

The Defendants refer to a dispute between Quinn Emanuel and Nwaneri's father-in-law, which prompted arbitration and litigation. *See, e.g.*, Defs.' Mot. at 19, 29–34. Nwaneri herself raises these facts to support retaliation claims. *See, e.g.*, Am. Compl. at 6–7, 25–33, 37, 41–42, 48, 63–64. In referencing other facts throughout their motion, the Defendants cite almost exclusively to the amended complaint. *See, e.g.*, Defs.' Mot. at 22, 26–27, 32, 36–37, 39–40, 43–53, 55. And the exhibits attached by the Defendants appear to be mostly documents of which this Court may take judicial notice. *See* Defs.' Mot. Exs. 1–4, ECF Nos. 29-1, 29-2, 29-3, 29-4; *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (stating that a court may take "judicial notice of facts on the public record" in other proceedings (cleaned up)).

Thus, Nwaneri is not entitled to the relief she seeks in her Notice of Procedural Errors and Rule Violations. The allegations that she raises do not change the outcome here, and dismissal for failure to prosecute remains appropriate.

### III.

In sum, the Court finds that Nwaneri's failure to timely respond to the Defendants' motion to dismiss—in addition to her disregard of other deadlines throughout this litigation—warrants dismissal for failure to prosecute. Although Nwaneri contends that the Defendants have committed several procedural errors, she is not entitled to the relief she seeks in her Notice of Procedural Errors and Rule Violations.

For these reasons, Nwaneri's amended complaint and this matter will be dismissed. A separate Order will issue.

Dated:  December 30, 2020                              TREVOR N. McFADDEN, U.S.D.J.